PATRICK J. CORRIGAN *vs.* PEOPLE'S BUILDING, LOAN, AND
SAVING ASSOCIATION.

MARY CORRIGAN *vs.* SAME.

Bristol.   December 4, 1900. — February 27, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

A pretended forfeiture of membership falsely set up by a loan and saving corpora-
tion, as a reason for not complying with a demand for certain payments alleged
by a shareholder of five years standing to be due to him under the terms of his
certificate, does not justify such shareholder in rescinding his contract under
which he has made monthly payments during the five years, and his only remedy
is on the contract; and if the corporation was organized in another State and the
certificate provides that any action brought by a shareholder against the corpora-
tion shall be brought in that State, there is no remedy here.

TWO ACTIONS OF CONTRACT, the first count of each declara-
tion declaring on a promise alleged to be contained in the cer-
tificate of the defendant for five shares therein held by the
plaintiff as stockholder to pay the plaintiff $100 for each share
in five years from the date of the certificate or at the maturity
thereof; and the second count of each declaration declaring on
an account annexed to recover sixty monthly payments of $5
each and twenty quarterly payments of $1.25 each made by the
plaintiff to the defendant, in the case of Patrick J. Corrigan be-
tween March 1, 1890, and February 28, 1895, and in the case of
Mary Corrigan between April 1, 1890, and March 31, 1895.
Writs dated February 9, 1900.

The only difference between the declarations in these cases
and that in *Daley* v. *People's Building, Loan & Saving Associa-
tion, ante,* 13, was that in the contract here alleged the words "or
at the maturity thereof" were added after the alleged promise to
pay the plaintiff $100 for each share in five years from the date
of the certificate.

At the hearing in the Superior Court, before *Pierce*, J., it
appeared that the certificates were in the following form, the
words printed in italics being those which were not contained in
the certificate held by Daley, *ante*, 13: " This is to certify that

Patrick J. Corrigan of Fall River, State of Massachusetts, is hereby constituted a shareholder in The People's Building, Loan and Saving Association, incorporated under the laws of the State of New York, and holds five shares therein of One Hundred Dollars each, and in consideration of the entrance fee, together with agreements and full compliance with the Terms and Conditions printed on the back of this Certificate, and the Articles of Association and By-Laws adopted by the said Association, all of which are hereby referred to and made a part of this contract, the said The People's Building, Loan and Saving Association agrees to pay said Shareholder, or his heirs, executors, administrators or assigns, the sum of one hundred dollars for each of said shares, at the end of five years from the date hereof, *or at maturity;* or, in case of the death of the holder of this certificate before the expiration of said term, then a sum of money equal to the amount of monthly installments paid on said shares together with all dividends accrued thereon; *or the holder of the within certificate may surrender the same to the Association at any time after two years from the date hereof, and receive therefor a certificate of paid-up shares for as many shares as the amount credited to such certificate will purchase at the rate of $60.00 per share;* all of which are payable in the manner and upon the conditions set forth in the articles of association and by-laws of the association and terms and conditions printed on the back of this certificate.   Given under the seal of said Association, at Geneva, N. Y., this first day of March, 1890."

The Terms and Conditions printed on the backs of the certificates were the same as those upon the certificate of Daley, including the eleventh condition that "Any action brought against this Association by any Shareholder shall be brought on or before six months after filing his proofs, and in the County of Ontario, State of New York."

On February 12, 1894, Mary Corrigan, through an agent, asked for information as to how she could cancel these shares or withdraw her deposits.   The defendant replied that her certificate was not withdrawable until maturity.   That, however, it could be changed, if desired, "from running stock into paid up stock," and the defendant would issue to her as many shares of paid up stock as the amount standing to her credit would purchase at

$60 per share, and that no further payments would have to be made upon the paid up stock after the first instalment.

On March 6, 1895, Patrick J. Corrigan, through the same agent, made application for the withdrawal of his shares which he stated to have been running for five years and to be then due. The defendant replied that his certificate was not withdrawable until maturity, stating: " This means that you must continue the payments until the amount paid into the Loan Fund with the accrued dividends equals the par value of the shares, unless you wish to exchange it for paid up stock. The amount now to the credit of the certificate is $354.75 which would purchase five and three fourths shares of paid up stock worth $345, and leave a balance due you of $9.75 for which check would be sent you with the new certificate."

At the beginning of January, 1896, the plaintiffs were informed by the defendant's agent in Fall River that their stock had been forfeited and they were no longer members of the defendant association.

On June 2, 1897, the defendant wrote to the plaintiffs' counsel that the plaintiffs' certificates " were forfeited long ago for nonpayment of dues, they therefore have no standing on the books of the Association at present."

In answer to interrogatories filed after the suits were brought, it was admitted by the defendant that the plaintiffs' stock was not forfeited.

The defendant contended that the plaintiffs could not recover, upon the ground that the court had no jurisdiction of the actions; also upon the ground that there were no funds on hand in the defendant's treasury applicable to the payment of the plaintiffs' claims, when this action was brought; and also upon the ground that on all the facts the plaintiffs were not entitled to recover.

At the close of the evidence, at the request of the defendant, and against the objection of the plaintiffs, the judge ruled that the plaintiffs could not recover ; and at the request of the parties reported the cases for the consideration of this court, with the agreement that if a jury would be warranted in finding for the plaintiffs then judgment was to be entered for each plaintiff as of September 12, 1900, for $429 with interest from the date of

the writ, or in case the plaintiffs could recover only the book value of their stock for $276.50 each, with interest from the date of the writ; otherwise judgment was to be entered for the defendant.

*J. W. Cummings & C. R. Cummings,* for the plaintiffs.

*C. M. Elliott,* (of New York,) for the defendant.

HOLMES, C. J.   In these cases there had been no previous trial, or election to sue on the covenant, and it was understood that the plaintiffs might recover the withdrawal or book value of their stock irrespective of the pleadings, if they were entitled to that upon the facts.   In other respects the cases are like *Daley* v. *People's Building, Loan & Savings Association, ante,* 13, and are governed by it.

If we assume that the jury would have been warranted in finding that when the plaintiffs sought to withdraw the defendant made false pretences and set up a forfeiture knowing that it had no right to do so, still in our opinion there was no right to rescind and the only remedy was on the contract under which the plaintiffs had been members of the company for five years.

*Judgment for the defendant.*