COMMONWEALTH *vs.* ASA H. JOSSELYN.

Suffolk.    May 20, 1904. — June 22, 1904.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Marriage.   Polygamy.   Statute.   Constitutional Law.   Words, "In force."*

If a man against whom a decree for divorce has been obtained under Pub. Sts. c. 146, making it illegal for him to marry again within two years from the entry of the final decree, marries within that period a woman who marries him in good faith in the full belief that his former marriage has been annulled by divorce, and the parties continue living together as husband and wife in good faith on the part of the wife until the impediment is removed by the expiration of the two years, their marriage becomes valid under St. 1895, c. 427, and a third marriage by the husband while the second wife is living is polygamous.

Under St. 1895, c. 427, making valid certain marriages where the parties continue to live together after the removal of an impediment, which applies to cases where at the time of the marriage ceremony "a former husband or wife of one of the parties was living, and the former marriage with such person was still in force", the words "in force" include a case where the former marriage although annulled for all other purposes by a final decree of divorce under Pub. Sts. c. 146, was in force under § 22 of that chapter for the purpose of making illegal a marriage of the husband within two years from the time of the entry of the final decree.

St. 1895, c. 427, making valid certain marriages where the parties continue to live together after the removal of an impediment, applies to a case where a final decree of divorce against the husband under Pub. Sts. c. 146, entered before the passage of the act made it illegal for him to marry again within two years from the entry of the decree and he having done so the impediment was removed by the expiration of the two years after the enactment of the statute; and so applied the statute is constitutional.  Following *Lufkin* v. *Lufkin*, 182 Mass. 476.

INDICTMENT for polygamy found and returned on December 12, 1903.

At the trial in the Superior Court before *Bond*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. H. Buttimer & W. G. Harrington*, for the defendant.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth.

KNOWLTON, C. J.    The defendant was indicted for the crime of polygamy, the allegation being that on November 9, 1903, he unlawfully married Cora F. S. Trommer, having at the time of this marriage, a lawful wife living, other than said Trommer. It was proved and not disputed that, on June 15, 1896, he married one Linda Wiley, and that they lived together as husband and wife from that date to November 2, 1903, and became the parents of children, two of whom are now living.   Linda Wiley was living at the time of the trial, and she testified under the name of Linda G. Josselyn.   The principal question is whether she was the lawful wife of the defendant when he married Trommer.

It appeared that he was married, on July 20, 1887, to Florence J. Burton, who subsequently brought a libel for divorce against him for desertion.   On May 10, 1894, a decree of divorce *nisi* was entered on this libel, which was made absolute on November 11, 1894, under the Pub. Sts. c. 146, § 22.   The defendant, being the party against whom the divorce was granted, could not lawfully marry again within two years of the entry of the final decree, and it therefore appears that his marriage with Linda Wiley was originally invalid.   But the Commonwealth contends that under the St. 1895, c. 427, entitled "An Act relative to marriage and the legitimacy of children," it became valid from and after the removal of the impediments to the marriage by the expiration of the two years from the time of the decree

of divorce absolute. There was evidence tending to show that the second marriage contract was entered into with due legal ceremony, that the parties thereafter lived together as husband and wife, that the marriage was entered into by the wife in good faith, in the full belief that the former marriage had been annulled by divorce, that the impediment to the marriage was removed by the decree of divorce previously entered and the lapse of two years from the entry of the decree, and that the parties then continued to live together as husband and wife, the wife acting in good faith. Under the instructions of the court the jury must have found all these propositions in favor of the contention of the Commonwealth, and in accordance with the testimony of Linda G. Josselyn. It follows that she and the defendant are deemed to have been legally married, and their children are deemed to be legitimate issue of both parents, if it can be said that, at the time of the marriage, the former marriage was still in force within the meaning of the statute. The statute applies only to cases in which at the time of the "marriage ceremony, a former husband or wife of one of the parties was living, and the former marriage with such person was still in force."

This is a remedial statute intended for the protection of persons who marry innocently and in good faith, and of their children. It is intended to cover cases in which the marriage is invalid by reason of a previous marriage of one of the parties, that makes it illegal for him or her to contract a second marriage. In this case, for many purposes, the former marriage was not in force at the time of the second marriage. But in reference to the subject to which the statute relates it was in force. It was in force as a restraint upon this defendant which precluded him from entering into a lawful marriage. The words "in force" are used in reference to the effect of the former marriage upon the right of the party to marry again. They are not used in reference to the effect of the marriage upon rights of property, or upon the personal relations of the former husband and wife. As to such matters, and as to the right of the libellant to marry again, the former marriage was not in force. But, as to the matters for which this statute was designed to provide a remedy, it was in force.

The question to be determined in the construction of the statute is not affected by the fact that it arises upon the trial of an indictment. It is precisely the same as if an issue of the legitimacy of the children were before the court in a civil suit. The jury were rightly instructed that, upon the facts stated, the marriage was in force within the meaning of the statute, and upon the findings of the jury the statute was applicable.

The impediment was removed by a proper decree of divorce. It is immaterial that the decree had been entered before the marriage in question. It had not then removed the impediment, because the law provided that the impediment should continue until the expiration of two years from the entry of the decree of divorce. When the time expired, the removal of the impediment was effected by the decree.

This statute is applicable to cases in which the divorce was granted before its enactment, and the removal of the impediment, by the expiration of two years, occurred after its enactment. The statute, so applied, is constitutional. The question raised upon this part of the case was expressly decided in *Lufkin* v. *Lufkin*, 182 Mass. 476.

*Exceptions overruled.*