JEANETTE F. TOZIER *vs.* HAVERHILL AND AMESBURY
STREET RAILWAY COMPANY.
HOLCY M. TOZIER *vs.* SAME.

Essex.   November 14, 1904. — January 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence.   Street Railway.   Marriage.   Husband and Wife.*

Although it is true that in determining whether a person acts with reasonable care in a sudden emergency the fact that he is obliged to act quickly and without an opportunity for deliberation is to be taken into account, this does not absolve the motorman of an electric car when required to act in a sudden emergency from the obligation to exercise reasonable care under the circumstances.

A ceremony of marriage in this Commonwealth between persons against one of whom a divorce has been granted within two years under Pub. Sts. c. 146, § 22, is invalid, and such a marriage only can be shown to have become valid under R. L. c. 151, § 6, by the parties to it living together as husband and wife after the removal of the impediment, by proving that the illegal marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, and that they continued to live together in good faith on the part of one of them.

In an action by an alleged husband for damages incurred in consequence of personal injuries to his wife, the plaintiff must prove as a necessary part of his case that he is the husband of the person injured.

TWO ACTIONS OF TORT, the first by Jeanette F. Tozier for personal injuries sustained while a passenger in an open electric car of the defendant, which ran off the track on a down grade on a street in the outskirts of Haverhill and ran into a bank and the stump of a tree at the side of the road, and the second by Holcy M. Tozier, as the husband of Jeanette, for damages alleged to have been incurred by him in consequence of her injuries.   Writ dated July 15, 1902.

At the trial in the Superior Court before *Hardy*, J. the jury returned a verdict for the plaintiff in each case, for the plaintiff in the first case in the sum of $10,000, and for the plaintiff in the second case in the sum of $2,000.   The defendant alleged exceptions, raising the questions stated by the court.

*C. W. Bartlett & E. R. Anderson*, for the defendant.
*T. W. Coakley, D. H. Coakley & C. C. Johnson*, for the plaintiffs.

KNOWLTON, C. J.   These are two actions respectively brought, one to recover for injuries to the female plaintiff from the alleged negligence of the defendant in running a car in which she was a passenger, and the other to recover damages resulting from her injury suffered by the male plaintiff, as her husband.   It was conceded that she was in the exercise of due care, and the only exception now relied on in her case is to the refusal of the judge to give the jury this instruction which the defendant requested : " If the jury find that the motorman did not exercise the best judgment which the case discloses could have been exercised, he being called upon to act in a sudden emergency, his error would not be such negligence as would make the defendant liable." If the request contained nothing but a statement of the familiar principle that in determining whether one acts with reasonable care in a sudden emergency, the fact that he is obliged to act quickly and without an opportunity for deliberation is to be taken into account, and he is not to be deemed careless merely because he failed to do that which would have been best as shown by subsequent events, it properly might have been given. See *Ingalls* v. *Bills*, 9 Met. 1; *Cody* v. *New York & New England Railroad*, 151 Mass. 462, 468, 469 ; *Gannon* v. *New York, New Haven, & Hartford Railroad*, 173 Mass. 40.   But it went further, and included the proposition that the motorman's error in not exercising the best judgment ·in a sudden emergency, if the jury found such an error, would not be actionable negligence, whatever the error might be in other particulars.   The descriptive language in the request was applicable to an error which might have been very gross, and entirely inconsistent with the exercise of due care, as well as to an error which might have been excusable.   We are of opinion that the instruction was properly refused, and that the exception in this case should be overruled.

The question in the other case grows out of the fact that, at the time of the marriage of the two plaintiffs, the female plaintiff had a former husband living who had obtained from her a divorce for desertion, which had been made absolute less than two years before.   It is declared by the Pub. Sts. c. 145, § 4, which were in force at the time of the marriage, that " all marriages contracted while either of the parties has a former wife or

husband living, except as is provided in chapter one hundred and forty-six, shall be void." In the Pub. Sts. c. 146, § 22, (R. L. c. 152, § 21,) there is a provision in reference to divorced persons, " that the party against whom the divorce was granted shall not marry within two years from the time of the entry of the final decree of divorce." The record was put in evidence, and from the facts stated we infer that the divorce was granted in Massachusetts where the parties lived. The ceremony of marriage of the present plaintiffs was performed in Haverhill. It is plain, therefore, that the marriage was invalid. *Googins* v. *Googins*, 152 Mass. 533. *Cook* v. *Cook*, 144 Mass. 163.

The plaintiff invokes the R. L. c. 151, § 6, first enacted in the St. 1895, c. 427, which makes certain illegal marriages valid after the impediment to the marriage has been removed by the death or divorce of the other party to the former marriage, provided the marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, or that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, and provided they continue to live together in good faith on the part of one of them. See *Lufkin* v. *Lufkin*, 182 Mass. 476 ; *Commonwealth* v. *Josselyn*, 186 Mass. 186. But there was no evidence at the trial tending to show that either of the parties entered into the marriage contract under such circumstances as to bring the case within this statute. The evidence tended to show the contrary. Much less could it be said as matter of law that the case was covered by this statute.

The question as to the validity of the marriage was treated by the judge as collateral, and the jury were instructed that they were to consider the male plaintiff as *de facto* and legally the husband of the other plaintiff. We are of opinion that this was erroneous. The right of action depended upon the alleged fact that he was the husband of the female plaintiff, and this fact was to be proved like any other fact in the case.

In the case of Jeanette F. Tozier the exceptions are overruled and in the case of Holcy M. Tozier the exceptions are sustained.

*So ordered.*