ERNEST A. HARRINGTON *vs.* MARGARET S. HARRINGTON.

Suffolk.   January 28, 1926. — January 30, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Marriage and Divorce.   Probate Court,* Divorce proceedings, Finding of fact by judge, Decree.

Where, from the record on appeal by a libellant from an order by a judge of probate dismissing a libel for divorce after a full hearing where both parties testified, it appeared that the evidence was contradictory on determinative issues and that the judge ruled, "I am not satisfied that the petitioner has proven his case by a fair preponderance of evidence," the decree was affirmed.

It is not improper for a judge of probate, after hearing a libel for divorce by a man against his wife, after having ruled that the libel could not be maintained, to make an order continuing the libel on the docket from time to time and that the libellant pay to the libellee for her support a specified sum until a further order of the court.

LIBEL for divorce, filed in the Probate Court for the county of Suffolk on June 20, 1925.

In the Probate Court, the libel was heard by *Dolan,* J., a stenographer having been appointed under G. L. c. 215, §18, to take the evidence.   At the close of the evidence, the judge ruled, "I am not satisfied that the petitioner has proven his case by a fair preponderance of evidence," and entered the following order: "After full hearing having decided that the within libel should be denied, it is decreed that the same be continued upon the docket of this court from time to time and that the libellant pay to the libellee for her support the

sum of $3.00 weekly until the further order of the court."
The libellant appealed.

The case was submitted on a brief by

*J. F. Hurley,* for the libellant.

No argument nor brief for the libellee.

BY THE COURT. This is a libel for divorce, the ground alleged being cruel and abusive treatment on the part of the libellee. The burden of proof was upon the libellant to make out to the satisfaction of the judge by a fair preponderance of the evidence the truth of this allegation. Both the libellee and libellant testified orally at the hearing. Their testimony upon the material points was contradictory. The finding of the judge in substance was that the burden of proof had not been sustained. This is peculiarly a case where the findings of the trial judge based upon observation of witnesses ought not to be reversed.

The decree to the effect that the libel be denied but continued on the docket from time to time, and that the libellant pay to the libellee for her support a specified sum until a further order of the court, shows no error of law. G. L. c. 208, § 20. *DeFerrari* v. *DeFerrari,* 220 Mass. 38.

*Decree affirmed.*