EDGAR J. DILLON *vs.* MARGARET M. DILLON.

Suffolk.   November 17, 1932. — January 4, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Marriage and Divorce.   Probate Court,* Findings by judge.

On findings by a judge of probate at the hearing of a libel by a husband for divorce on the ground of adultery, which, although they showed no direct proof of the commission of adultery by the wife, warranted the finding of an adulterous disposition on her part, an opportunity to gratify illicit sexual desire, and a clear, distinct and unequivocal admission of adultery by her, the judge properly could have concluded that the admissions of the libellee were based on real facts and that the crime of adultery was sufficiently proved; and a decree *nisi* for the libellant was proper.

LIBEL for divorce, filed in the Probate Court for the county of Suffolk on July 29, 1929.

The libel was heard by *Prest,* J., by whose order a decree *nisi* was entered. The libellee appealed. Material facts found by the judge and reported at the request of the libellee are stated in the opinion.

The case was submitted on briefs.

*W. G. Todd,* for the libellee.

*A. W. Ingalls,* for the libellant.

PIERCE, J. On the libel of Edgar J. Dillon of Boston, praying that a divorce from the bonds of matrimony between him and Margaret M. Dillon be decreed, for the reason, therein set forth, that the said libellee being wholly regardless of her marriage vows and obligations "at said Boston on or about the fourth day of March A.D. 1929 and at divers other places and times has been guilty of the crime of adultery with persons whose names and addresses are to the libellant unknown," a judge of the Probate Court, upon a hearing after the filing of an appearance and answer for the libellee, "Decreed, NISI, that a divorce from the bond of matrimony between the said libellant and libellee be granted the said libellant, for the cause of adultery on the part of the said libellee." Upon the filing of the aforesaid decree the libellee duly filed a request for "a report of all the material facts." The case is before this court on the appeal of the libellee from the decree of the Probate Court.

The "material facts" found by the trial judge indicate on the part of the libellee a low degree of morality in sex matters, conduct utterly inconsistent with the character of a virtuous wife, and receipt of money from a man other than her husband. They need not be here narrated.

The "material facts" contain no direct proof of the commission of the crime charged. This being so, the question for decision is, Do the material facts taken as a whole or singly establish circumstantially the conclusion of fact found by the trial judge? The facts found warranted the finding of an adulterous disposition, an opportunity to gratify illicit sexual desire, and a clear, distinct and un-

equivocal admission of adultery.  In such circumstances as are here found it is reasonably probable and the judge warrantably could find that the admissions of the libellee were based on real facts, and so finding, could further find that the crime of adultery was sufficiently proved.  *Thayer* v. *Thayer,* 101 Mass. 111, 113.  *Commonwealth* v. *Gray,* 129 Mass. 474.  *Commonwealth* v. *Tarr,* 4 Allen, 315.  *Billings* v. *Billings,* 11 Pick. 461.  *Robinson* v. *Robinson,* 1 Sw. & Tr. 362; 164 English Reprint, 767.  *Vance* v. *Vance,* 8 Greenl. 132.  In the opinion of a majority of the court the decision should be affirmed.

*Decree accordingly.*