<h2 align="center">WLADYSLAW TOPOR <em>vs.</em> JOSEPHINE TOPOR.</h2>

Hampden.　September 21, 1933. — September 12, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Marriage and Divorce,* Alimony. *Probate Court,* Jurisdiction. *Words,* "Alimony."

From the nature of the word "alimony" as used in G. L. (Ter. Ed.) c. 208, § 34, support or maintenance of the recipient is an essential element. Per DONAHUE, J.

Where a report of a judge of probate, made under G. L. (Ter. Ed.) c. 215, § 11, upon an appeal by the libellee in divorce proceedings from a decree *nisi* granting a husband a divorce and ordering the libellee to convey to the libellant her interest in two parcels of land, contained nothing to show whether the husband's financial condition was such as to require any provision for support and maintenance out of his wife's estate, or what the value of the wife's property or the extent of her pecuniary resources was, the decree must be reversed in so far as it ordered the conveyance by the libellee to the libellant.

LIBEL, filed in the Probate Court for the county of Hampden on November 14, 1932, seeking a divorce on the ground of adultery.

The libel was heard by *Davenport, J.* Material facts found and reported by him, and a decree *nisi* entered by his order, are described in the opinion. The libellee appealed.

The case was submitted on briefs.

*G. T. Murphy,* for the libellee.

*H. J. Burdick,* for the libellant.

DONAHUE, J. The libellee in a libel for divorce has appealed from a decree *nisi* entered in the Probate Court granting a divorce to her husband on the ground of her adultery and ordering the libellee to convey to the libellant her interest in two parcels of land located in this Commonwealth. The evidence is not reported but the trial judge at the request of the libellee filed a "Report of Material Facts" under G. L. (Ter. Ed.) c. 215, § 11. Facts therein stated warranted the conclusion by the trial judge that the libellee was guilty of adultery (*Dillon* v. *Dillon,* 281 Mass. 423) and no argument to the contrary was here presented. The libellee contends that the judge, on the facts found by him, should not have included in the decree the provision requiring her to convey to the libellant her interest in the two parcels of real estate.

The judge in ordering such conveyance relied on the authority given by G. L. (Ter. Ed.) c. 208, § 34, which provides: "Upon a divorce, or upon petition at any time after a divorce, the court may decree alimony to the wife, or a part of her estate, in the nature of alimony, to the husband." Before the passage of St. 1857, c. 228, § 3, which in effect is the same as the present statute above quoted, there was no authority in a court having jurisdiction of divorce to make to the husband any award out of the wife's estate in the nature of alimony. The statute has not been construed by this court beyond the holding that it applies only to an absolute divorce and not to limited divorces formerly recognized by the statutes. *Garnett* v. *Garnett,* 114 Mass. 347. The statute does not provide that a part of the wife's estate may, upon divorce, be decreed

to the husband on the theory of an equitable division of their properties as do statutes in some jurisdictions. What is taken from a wife's estate and is received by the husband under a decree based on our statute must be "in the nature of alimony." The word "alimony" as used in our statutes carries the meaning of money or property which under order of court a husband provides for the support and maintenance of his wife and such minor children as are committed to her custody. *Bucknam* v. *Bucknam,* 176 Mass. 229. *Brown* v. *Brown,* 222 Mass. 415, 416, 417. *Rollins* v. *Gould,* 244 Mass. 270, 272. From the nature of the word "alimony" support or maintenance of the recipient is an essential element. An award of a portion of a wife's estate to her husband in order to be "in the nature of alimony" as the statute requires, must be made on the theory that it is a provision for his support and maintenance. Authority to make such an award on any other theory is not given.

The general principles which govern the determination in a divorce case of the question whether alimony is to be awarded to the wife and if so its amount, are to be applied in determining whether an award from the wife's estate is to be decreed "in the nature of alimony" to the husband. All the circumstances in a case, including the necessities of the recipient and the pecuniary resources of the giver of property in the nature of alimony, the condition in life of the parties, their mode of living and their conduct; should be taken into consideration. *Brown* v. *Brown,* 222 Mass. 415, 417. *Graves* v. *Graves,* 108 Mass. 314. *Burrows* v. *Purple,* 107 Mass. 428, 435. The judge's finding of material facts in the present case contains no finding as to any of these circumstances except that the libellee was guilty of adulterous conduct. The only other findings made by him which have any bearing on this branch of the case are as follows: "The libellant and the libellee are the owners of two parcels of land located in Palmer, one of which is owned by the parties as tenants by the entirety, and the other of which is owned by them as tenants in common. . . . The interest of the libellee in the land in question does

not represent her entire estate, since I find as a fact that she had other property, consisting of personal belongings and effects which she took with her at the time of her departure from the house of the libellant." There is no finding of the value of the personal belongings or effects which the wife took away with her, or of the value of the interest in the real estate which she was ordered to convey, or of the value of the properties or estate owned by the husband and no finding that the husband's financial condition was such as required any provision for support and maintenance out of his wife's estate. We have in the statement of material facts the bare finding of the wife's adulterous conduct with no finding as to the many circumstances which should at least be given some consideration in determining whether an award in the nature of alimony should be made and in fixing its amount. While the wife's adultery was a circumstance of importance in deciding whether an award in the nature of alimony should be made, it was not conclusive of that question (*Graves* v. *Graves*, 108 Mass. 314, 317, 318) and taken alone, without giving any consideration to other pertinent circumstances, would not afford a basis on which to fix the amount of such an award. The findings of fact made by the trial judge are not sufficient to support that portion of the decree which orders the libellee to convey to the libellant her interest in the parcels of real estate. Where, as here, the evidence in a case is not reported and it comes before us only on a report of material facts made by the trial judge, one question presented is whether the decree entered was warranted on the facts there appearing. *Lannin* v. *Buckley*, 256 Mass. 78, 81. A report of this kind should contain a statement of the material facts which were in the mind of the judge at the time he made his decision. *Romanausky* v. *Skutulas*, 258 Mass. 190, 193. *Berman* v. *Coakley*, 257 Mass. 159, 161. Such a report is to be regarded as a finding of all the material facts on which his decision was founded. See *Pratt* v. *McGuinness*, 173 Mass. 170, 171.

The libellee further contends that since the libel did not refer to the parcels of land as owned by the parties as ten-

ants in common, in any event, that portion of her estate could not be decreed to the libellant in the nature of alimony. Alimony may be decreed even though it is not prayed for in the libel. *Parker* v. *Parker*, 211 Mass. 139, 141. *Graves* v. *Graves*, 108 Mass. 314, 321.

Whatever the evidence before the judge may have been, the facts reported by him do not warrant that portion of the decree which orders the libellee to convey her interest in the two parcels of real estate to the libellant and the decree must be reversed. A decree *nisi* on the ground of adultery is supported by the facts found and such a decree must be entered. Further proceedings not inconsistent with this opinion may be had in the Probate Court with reference to the matter of an award in the nature of alimony to the libellant.

*Ordered accordingly.*