CHARLES D. HEALEY *vs.* ANNIE J. HEALEY.

Middlesex. May 18, 1936. — June 30, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Probate Court*, Appeal, Findings by judge.

On appeal by the libellant from a decree of a probate court dismissing a libel for divorce based on alleged cruel and abusive treatment, where there was no report of the evidence, a so called "ruling" by the judge in a report of material facts, that the libellant had not sustained the burden of proving his allegation, was treated as a finding of fact, and warranted the decree.

LIBEL FOR DIVORCE, filed in the Probate Court for the county of Middlesex on December 8, 1934.

The libel was heard by *Leggat*, J., by whose order a decree was entered dismissing it. The libellant appealed.

*P. B. Buzzell*, for the libellant.

No argument nor brief for the libellee.

CROSBY, J. This is a libel for divorce brought on the ground of cruel and abusive treatment. After a hearing in the Probate Court the libel was dismissed.

The libellant requested a report of the material facts

under G. L. (Ter. Ed.) c. 215, § 11. The report shows that the parties were married on June 27, 1915, and lived together in different places in this Commonwealth; that three children were born to them; that the libellant was discharged from a hospital on June 10, 1932, and thereafter the parties lived at the libellee's boarding house with their children until about July 1, 1932, when they went to the home of the libellant's parents; that the libellant testified that the libellee committed an assault upon him on July 3, 1932, while he was recovering from a wound in his back, and that she caused her husband's indictment for failure to support his wife and children; that the libellee denied that she assaulted the libellant on July 3, 1932, and denied other charges made by him; that the libellee testified that the libellant knocked her down on June 17, 1928, and struck her on July 3, 1932, and that he was taken to the police station after this assault; that her testimony as to her condition was verified by the testimony of the mother of the libellant, and by that of a news reporter; that a daughter of the parties testified that she never had seen her mother strike her father, that she saw her father knock her mother down in 1928, and that after the assault of July 3, 1932, her mother's face was badly bruised and swollen. The judge further states in his report that "It appeared, therefore, that witnesses testifying for the libellant told of marks on his face and neck, and also testified as to the libellee's condition after the July 3 episode. I found that the libellee had been more seriously assaulted than the libellant. No witnesses testifying were present at the time of the alleged cruel and abusive treatment, the witnesses offered only testifying of the condition of the parties immediately following the affray. I therefore ruled that the libellant had not proved to my satisfaction that the libellee was guilty of the charges alleged in the libel and further ruled that the libellant had not sustained the burden of proof, and dismissed the libel."

The judge under the statute was required to report "the material facts found by him," but was not required to recite the evidence. The libellant, if he wished to get into the

record on appeal facts which the judge might not see fit to report, could have taken proper steps to ensure a report of the evidence. We must take the record as it stands. Although the report states that the judge "ruled" that the libellant had not proved that the libellee was guilty of the charges alleged in the libel, and further "ruled" that the libellant had not sustained the burden of proof, and dismissed the libel, we are of opinion that when the judge used the word "ruled" in each instance he intended to make findings. If, as the judge properly could have found upon the evidence, the libellant failed to sustain the burden of proving that the libellee was guilty of cruel and abusive treatment of the libellant, the libel was properly dismissed. *Thayer* v. *Thayer*, 101 Mass. 111. *Dillon* v. *Dillon*, 281 Mass. 423. *Topor* v. *Topor*, 287 Mass. 473, 477.

*Decree affirmed.*