KATHERINE E. LEVANOSKY *vs.* FRED Z. LEVANOSKY.

Middlesex.    May 11, 1942. — May 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Marriage and Divorce,* Validity of marriage.

Evidence that a woman went through a marriage ceremony in another State knowing that six months had not elapsed since the entry of a decree nisi in a divorce proceeding brought here by the man's wife and that they could not be married here, but thinking that they could legally be married in the other State and that the marriage would be valid here if they did not cohabit here for a certain period, did not require a finding that under G. L. (Ter. Ed.) c. 207, § 6, they became legally married at the expiration of two years after the decree absolute in the divorce proceeding, although they had cohabited before that time and continued to do so thereafter.

A marriage in another State between residents of this Commonwealth was void under G. L. (Ter. Ed.) c. 207, § 10, where both parties knew that one of them was prohibited from being married here and it appeared that they both intended to continue to reside, although not to cohabit, here for some time after the marriage, and did so.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on March 14, 1941.

The case was heard by *Leggat*, J.

*W. R. Bigelow*, for the libellant.

*E. B. Cook*, for the libellee.

RONAN, J.   This is an appeal from a decree dismissing a libel for divorce.   The case is here with a report of the evidence.   The judge made no findings of fact.   The practice upon probate appeals, including those upon libels for divorce, is the same as in equity in so far as practicable and applicable.   *Drew* v. *Drew*, 250 Mass. 41.   *Goren* v. *Goren*, 310 Mass. 284.   It is our duty to examine the evidence and.to decide the case upon our own judgment, not only as to questions of law but also as to questions of fact.   The trial judge, however, saw and heard the witnesses and was in a much better position than this court to determine their credibility, and for that reason his findings necessarily implied from the entry of the decree will not be reversed unless they are plainly wrong.   *Durfee* v. *Durfee*, 293 Mass. 472.   *Berry* v. *Kyes*, 304 Mass. 56.

A brief summary of the testimony is sufficient to set forth the salient facts.   The former wife of the libellee secured a divorce nisi from him in the Probate Court in Springfield, on January 12, 1938.   At that time, and for eighteen months prior thereto, the libellant had been keeping company with the libellee.   She learned of the entry of the decree nisi soon after it was entered.   On June 25, 1938, they left Springfield, where both of them resided and where each was employed, and went to New Lebanon, New York, where they were married.   They knew they could not be married in this Commonwealth.   They both testified that' they thought they could be legally married in New York, and if they did not live together as man and wife within this Commonwealth until after two years from

the date of the decree nisi their marriage would be valid here; and that they did not intend to live together here until that time. There was evidence that they returned to their places of employment on the next secular day after they were married, and that both continued to reside in Springfield, although living apart until late in July, 1938, when they commenced to live together in Connecticut, and then in Rhode Island until March, 1940, when they established a home at Natick, in this Commonwealth, where they continued to live together until March, 1941. There was evidence sufficient, if believed, to warrant the granting of a decree for cruel and abusive treatment.

The former marriage of the libellee was not dissolved by the decree nisi entered on January 12, 1938, and he was a married man on June 25, 1938, when he went through a marriage ceremony with the libellant. *Chase* v. *Webster,* 168 Mass. 228. *Koffman* v. *Koffman,* 193 Mass. 593. *Rollins* v. *Gould,* 244 Mass. 270. *Diggs* v. *Diggs,* 291 Mass. 399. *Vaughan* v. *Vaughan,* 294 Mass. 164.

The libellant contends that she entered into the marriage contract in good faith and that the marriage became valid on July 12, 1940, two years after the decree nisi became absolute, and that she thereafter in good faith continued to live with him. This contention is based upon G. L. (Ter. Ed.) c. 207, § 6, but it finds no support in the testimony. The statute did not apply unless the libellant showed that she married the libellee "in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage." The implied finding of the judge that she was not acting in good faith or in ignorance of the marital status of the libellee was not only not plainly wrong but was warranted, if not required, by the testimony of the libellant herself and also by that of the libellee. The statute applies only to one who innocently intends honestly to contract a presently valid marriage. *Lufkin* v. *Lufkin,* 182 Mass. 476. *Commonwealth* v. *Josselyn,* 186 Mass. 186. *Turner* v. *Turner,* 189 Mass. 373. *Hopkins* v. *Hopkins,* 287 Mass. 542.

Our next inquiry is whether the marriage was void because violative of G. L. (Ter. Ed.) c. 207, § 10, which provides that "If any person residing and intending to continue to reside in this commonwealth is disabled or prohibited from contracting marriage under the laws of this commonwealth and goes into another jurisdiction and there contracts a marriage prohibited and declared void by the laws of this commonwealth, such marriage shall be null and void for all purposes in this commonwealth with the same effect as though such prohibited marriage had been entered into in this commonwealth." It is not disputed that the parties went into the State of New York and there contracted a marriage which both knew would be void if contracted in this Commonwealth. It is settled that the statute prohibits such a marriage if either "person residing and intending to continue to reside in this commonwealth" goes into another State for the purpose of contracting a marriage there that could not have been entered into here. Such a marriage is void in this Commonwealth. *Murphy* v. *Murphy*, 249 Mass. 552. *Witherington* v. *Eldredge*, 264 Mass. 166. *Wright* v. *Wright*, 264 Mass. 453. *Hanson* v. *Hanson*, 287 Mass. 154. And the words last quoted mean one who has, and intends to continue to have, his domicil in this Commonwealth. Words denoting where one lives or has his residence appearing in our divorce statutes are ordinarily construed as signifying domicil. *Shaw* v. *Shaw*, 98 Mass. 158. *Sampson* v. *Sampson*, 223 Mass. 451. *Holt* v. *Holt*, 253 Mass. 411. *Hanson* v. *Hanson*, 287 Mass. 154. *Atwood* v. *Atwood*, 297 Mass. 229.

The libellant contends that, as neither she nor the libellee intended to continue to reside in this Commonwealth until two years after the decree nisi, the marriage did not come within the provisions of this statute. There was testimony to support this contention, but there also was evidence tending in a different direction. The parties were residents of Springfield, in this Commonwealth, at the date of the marriage. They were both employed in that city in positions that were satisfactory to them and in which they intended to continue, as they in fact did. The libellant was

sharing an apartment in Springfield with her brother, and returned there two days after her marriage and continued to reside with her brother, except for a trip with the libellee to Canada, until July 25, 1938, when she and the libellee obtained a room in a rooming house in Enfield, Connecticut. The libellee also apparently continued his residence in Springfield immediately after the marriage. There was no evidence that prior to the marriage they had made any arrangements to acquire a home outside the Commonwealth. During their stay in Connecticut and Rhode Island they always intended to return to Massachusetts, and they did return even before the expiration of the period during which he was prohibited from entering into another contract of marriage. G. L. (Ter. Ed.) c. 208, § 24. The determination of domicil is mainly a question of fact. *Tuells* v. *Flint*, 283 Mass. 106. *Kennedy* v. *Simmons*, 308 Mass. 431. The existence of an intent at the time of the marriage not to continue to have a domicil in this Commonwealth was likewise a question of fact with the burden of proof upon the libellant. *Watson* v. *Silsby*, 166 Mass. 57. *Commonwealth* v. *Ballou*, 283 Mass. 304, 313. *Commonwealth* v. *Davis*, 284 Mass. 41, 49. *Doyle* v. *Goldberg*, 294 Mass. 105, 108. The judge could properly find that the domicil of the parties after the marriage continued to be in Springfield where they then actually resided even if they were not living together, that at the time of the marriage the libellant did not intend to give up her residence or domicil in Springfield, and that both intended to reside in Springfield until they could establish a home outside the Commonwealth. The entry of the decree imported the finding of every fact essential to support it, including a finding that the parties intended to continue to reside in this Commonwealth at least for some time following their marriage.

The libellant relies upon *Atwood* v. *Atwood*, 297 Mass. 229. That case is plainly distinguishable because there it was specifically found that the wife was acting in good faith and that her husband at the time of the marriage was not "residing and intending to continue to reside" in this Commonwealth.

The conclusion reached by the trial judge upon oral evidence depended to a considerable extent upon the degree of credibility that he thought he ought to accord to the testimony of the various witnesses. He was not required to believe the testimony of either of the parties and if he found, as he impliedly did, that the libellant had not sustained the burden of proof that her marriage was not void under G. L. (Ter. Ed.) c. 207, § 10, we cannot disturb that finding because upon the reported evidence it does not appear to be plainly wrong. *Drew* v. *Drew,* 250 Mass. 41. *Harrington* v. *Harrington,* 254 Mass. 506. *Healey* v. *Healey,* 295 Mass. 37. *Goren* v. *Goren,* 310 Mass. 284.

*Decree affirmed.*