## RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

GARAGES, INCORPORATED vs. CARL BINES & another, administrators. March 2, 1949. Decree affirmed with costs. The plaintiff brings this bill in equity to replevy three articles of personal property alleged to be owned by it and located in a garage which it had conveyed to a nominee of the defendants' intestate. The evidence is not reported. The case was submitted to the judge on the following agreed facts, which he adopted as the material facts found by him: On April 2, 1946, the plaintiff entered into a written agreement for the sale of a garage with one Davis, who was acting for and in behalf of the intestate. On June 2, 1946, a deed of the property was given by the plaintiff to one Lyons, a nominee of the intestate, and the deed was recorded. Just prior to the delivery of the deed there was a conversation between the plaintiff's representative and the intestate and his counsel, wherein it was agreed that the three articles mentioned in the bill were not to be included in the sale, but were to remain on the premises "for a matter of thirty days." The judge found that there was no consideration for this agreement, and that it was not admissible for the reason that it tended "to vary the terms of the written agreement of sale and also the terms of the deed." He also found that "no exception of the . . . [articles sought to be replevied] was made in the deed as required by G. L. c. 183, § 15." Finding that these articles were the property of the grantee named in the deed, he ordered the bill to be dismissed. From a decree entered in pursuance of that order the plaintiff appealed. There was no error. The burden rested upon the plaintiff, the appealing party, to show by a record presented by it to this court that there was error of law or fact in the decree appealed from. *Coe* v. *Coe*, 313 Mass. 232, 234. The plaintiff has failed to sustain this burden. On this meager record, which does not contain either the agreement or the deed, we cannot say that the decision of the judge was wrong. And that is so even if we assume, as the plaintiff has argued, that G. L. (Ter. Ed.) c. 183, § 15, is not applicable here. The judge did not rest his decision exclusively on that statute.

The case was submitted on briefs.

*Harold C. Thompson*, for the plaintiff.

*B. N. Vernon & A. Airola*, for the defendants.

AUGUST NEMET vs. MARY W. NEMET. March 10, 1949. Decree affirmed. Upon the husband's petition, a decree was entered which stated, "the allegation of cruel and abusive treatment in the petition appearing to be true," and which adjudged that the husband is living apart from the wife for justifiable cause. The wife appealed. We need not recite the reported evidence. In large measure the question concerned the credibility of witnesses. We cannot say that the judge was plainly wrong. *Harrington* v. *Harrington*, 254 Mass. 506. *Goren* v. *Goren*, 310 Mass. 284. *Levanosky* v. *Levanosky*, 311 Mass. 638, 639.

*W. F. A. Graham*, for the respondent.

*M. Marks*, (*T. L. McCormack* with him,) for the petitioner.