ELSIE E. HAMILTON *vs.* WILHELMUS M. HAMILTON.

Essex.    December 7, 1949. — February 6, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Marriage and Divorce*, Cruel and abusive treatment.

Dismissal of a libel by a wife for a divorce because of alleged cruel and abusive treatment by her husband was not error where the libellant relied on a finding that, during an altercation, the libellee slapped her face when she threw a wet handkerchief in his face, striking his eye, and where there was no finding of harm or injury, or fear of harm or injury, to the libellant.

---

LIBEL, filed in the Probate Court for the county of Essex on November 30, 1948, for a divorce.

The case was heard by *Costello*, J.

*J. S. Vahey*, for the libellant.

No argument nor brief for the libellee.

COUNIHAN, J. This libel for divorce alleging cruel and abusive treatment, G. L. (Ter. Ed.) c. 208, § 1, comes before us on the libellant's appeal from a decree entered by the judge dismissing her libel. The evidence is reported and the judge made a "finding of material facts" which may be summarized as follows: The libellant and the libellee were married on September 27, 1946, in California and lived there on and off. The libellant returned to Massachusetts and in July, 1947, came to reside in Danvers at the home of her uncle. The libellee came to Danvers in January, 1948, and lived with his wife for a period of about two weeks and thereafter came only week-ends. When they lived together both in California and in Danvers the libellant drank excessively. As a result of this drinking the parties quarrelled frequently and each called the other vile and profane names, often in the presence of others. On August 8, 1948, the libellee visited the home of the libellant who was entertaining friends at an outdoor barbecue. During an argument between them, the libellant threw a wet handkerchief in the libellee's face, striking his eye. The libellee slapped the libellant's face. On all the evidence and the inferences to be derived therefrom, the judge found "that the libellant's allegation of cruel and abusive treatment has not been sustained." There was evidence in the record of other minor assaults by the libellee on the libellant about which the judge made no findings. The general rule is that "where there is oral evidence the credibility of the witnesses and the relative weight of their testimony are for the determination of the trial judge, and his findings based largely on such evidence will not be reversed unless plainly wrong," *Callan* v. *Callan*, 280 Mass. 37, 39, *Goren* v. *Goren*, 310 Mass. 284, 285; nor was he required to believe the testimony of either of the parties. *Levanosky* v. *Levanosky*, 311 Mass. 638, 643.

The issue here to be decided is whether or not the conclusion of the judge is consistent with his finding that the libellee slapped the libellant's face.

We believe there was no error. We do not believe that this single act of violence to the person of the libellant, if it was violence, constitutes cruel and abusive treatment as matter of law, where there was no finding of harm or injury, or fear of harm or injury, to the libellant, and where particularly the act complained of was apparently provoked by the conduct of the libellant.

A case somewhat analogous to the case at bar is *Vergnani* v. *Vergnani*, 321 Mass. 703, 704, where it was said, "The throwing of a knife and the cutting of the forehead of a spouse on a single occasion might amount to the 'cruel and abusive treatment' included as a cause of divorce in G. L. (Ter. Ed.) c. 208, § 1. . . . But such an act would not necessarily have that effect. Not much more might be required in the way of circumstance, but we think that at least something more was necessary. The burden rested upon the libellant of proving that what occurred amounted to the 'cruel and abusive treatment' meant by the statute. . . . So far as appears the knife might have been thrown . . . under extreme provocation." See *Healey* v. *Healey*, 295 Mass. 37, 38.

In *Bailey* v. *Bailey*, 97 Mass. 373, 380, it was said, "It is obvious . . . that there may be personal violence which does not amount to what is regarded as cruelty; and that there may be cruelty without personal violence. And in every case the character and condition of the parties is to be taken into consideration; and the practical judgment of the court . . . must be exercised in each particular case."

In *Mooney* v. *Mooney*, 317 Mass. 433, 435, the court said, "That it [the act complained of] was an isolated instance is immaterial in the light of its character." In that case there was a severe beating with multiple injuries as a result of the thrashing, which required that the libel be granted. It is significant, however, that the court there said, pages 435–436, "The facts found do not justify in-

ferences that the attack was made under great provocation or that there was fault on the part of the libellant." Here we are of the opinion that the provocation was great and that there was fault on the part of the libellant.

*Decree affirmed.*