WARREN D. ARMSTRONG *vs.* SARAH M. ARMSTRONG.

Plymouth.    April 3, 1951. — May 2, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Marriage and Divorce*, Cruel and abusive treatment.

A finding that a wife was guilty of cruel and abusive treatment of her husband was not required by the mere fact that on a single occasion she slapped his face upon being provoked by insulting language of his.

LIBEL for divorce, filed in the Probate Court for the county of Plymouth on January 12, 1950.

The case was heard by *Davis*, J.

*A. B. Kurtis*, for the libellant.

*A. R. Shrigley*, for the libellee.

WILKINS, J.    The husband appealed from a final decree dismissing his libel, the ground of which was cruel and abusive treatment.    The evidence is reported. *Levanosky* v. *Levanosky*, 311 Mass. 638, 639.    *Gilman* v. *Gilman, ante,* 143, 145.    It would, however, serve no useful purpose to recount it.    While there was evidence introduced on behalf of the libellant which would have warranted a finding of cruel and abusive treatment, the greater part of it was denied by the libellee, and the judge evidently believed her. In so doing he was not plainly wrong.

The parties were married on April 22, 1949, when the husband was twenty years of age and the wife thirty-six. The husband withdrew from the home on November 23, 1949, and it could have been found that the main reason for argument between them was age.    The only evidence by which the libellee was bound on the issue of cruel and abusive treatment was her own testimony that in January, 1950, she went to a gasoline filling station conducted by the libellant's father in order to obtain from the libellant certain personal papers of hers which he had taken from the

house; that the libellant said, "No, you get out of here you dirty tramp, get out of here"; and that "That took me off balance and I slapped his face." It could have been found that this was the only occasion of its kind; that the force used was no more than trifling; that there was no harm or injury or fear of harm or injury; and that the act was provoked by the conduct of the libellant. This evidence did not require a decree for the libellant. *Hamilton* v. *Hamilton*, 325 Mass. 278, 280. See *Bailey* v. *Bailey*, 97 Mass. 373, 380; *Vergnani* v. *Vergnani*, 321 Mass. 703, 704.

It is unnecessary to consider questions relating to condonation. See, however, *Drew* v. *Drew*, 250 Mass. 41, 45.

*Decree affirmed.*