BARBARA A. WYMAN *vs.* LAWRENCE P. WYMAN, JR.

Norfolk.    March 14, 1975. — June 19, 1975.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Divorce,* Alimony, Support of child.    *Probate Court,* Report of material facts.

Upon a petition to modify a decree nisi of divorce, it was error for the probate judge to order the respondent to convey to the petitioner her interest in certain real estate pursuant to G. L. c. 208, § 34, which provides for an award in the nature of alimony, where the petitioner sought only support for the child in his custody and where the report of material facts was inadequate to support a decree for the care and maintenance of the child. [359-360]

Two PETITIONS filed in the Probate Court for the county of Norfolk on March 6, 1973.
The cases were heard by *Podolski, J.*
*Steven E. Bauman* for the respondent.
*Chesley Oriel* for the petitioner.

ROSE, J.    The respondent (Barbara) appeals from a decree of the Probate Court entered on December 6, 1973, purporting to modify a July 14, 1972, decree nisi which had granted her a divorce and given the petitioner (Lawrence) custody of the one child of the marriage. No provision for alimony or for care and maintenance of the child was included in the original decree, which had become absolute in the interim. The evidence is not reported, but the judge made a report of material facts.

Lawrence filed two petitions on March 6, 1973. The first petition alleges a change in circumstances and prays that Barbara "contribute towards the support of the said minor child." This petition further prays that the June 14, 1972, decree be "modified in accordance with MGL, Chap. 208, Sec. 34 & 34A,[1] ...." The second petition, similar in form to the first, makes no mention of child support in the prayer but prays for modification of the earlier decree in accordance with G. L. c. 208, § 34A. The December 6, 1973, decree, captioned a "Decree of Modification,"[2] orders that Barbara's undivided one-half interest in certain real estate be conveyed to Lawrence "under the provisions of General Laws, Chapter 201, Section 34"[3] (which we treat as a reference to G. L. c. 208, § 34). Barbara seeks to have this decree vacated.

It was error to issue a decree ordering conveyance of Barbara's interest in the real estate pursuant to G. L. c. 208, § 34. Section 34 provides for a decree of part of the wife's estate, in the nature of alimony, to the husband. See *Ober* v. *Ober,* 1 Mass. App. Ct. 32, 35 (1973). However, as Lawrence points out in his brief, "neither of [his] ... [p]etitions refer [sic] to 'alimony' as they are basically concerned with child support." Lawrence's specifications also indicate that his request for support is limited only to the needs of the child.

The court was without authority to make a decree under

---

[1] These inartfully drawn petitions, apparently aimed only at support for the child, pray for relief under inapplicable sections of the General Laws. (G. L. c. 208, § 34, provides for alimony, and G. L. c. 208, § 34A, provides for the enforcement of an alimony decree ordering conveyance of real estate. See *Dee* v. *Dee,* 1 Mass. App. Ct. 320, 323-324 (1973).

[2] There is no authority to grant alimony under G. L. c. 208, § 34, by *modifying* a decree nisi which contains no provision for alimony. Rather a *new* decree is required. Compare G. L. c. 208, § 34, subsequently amended by St. 1974, c. 565, with G. L. c. 208, § 37. See *Baird* v. *Baird,* 311 Mass. 329, 331-332, 333-334 (1942); *Kinosian* v. *Kinosian,* 351 Mass. 49 (1966).

[3] It is not clear which of the two petitions the decree is based upon, or whether it is based upon both considered jointly.

section 34, which provides for alimony, when the order for support was intended *only* for the benefit of a minor child. "Alimony" may include provision for the support and maintenance of the minor children as part of the award to the former spouse. *Topor* v. *Topor,* 287 Mass. 473, 475 (1934). *Topalis* v. *Topalis,* 2 Mass. App. Ct. 530, 532 (1974). However, an award in the nature of alimony is not proper upon these petitions, where Lawrence does not appear to be requesting any provision for his own support. Authority for a Probate Court decree ordering provision for the care and maintenance of minor children is derived from G. L. c. 208, § 28.

Moreover, the report of material facts is not adequate to support the decree, as that report fails to set out the facts necessary to permit us to review a decree for the care and maintenance of a child. See *Topor* v. *Topor, supra,* at 475-477. See generally, *Vergnani* v. *Vergnani,* 321 Mass. 699, 700-701 (1947); *Vergnani* v. *Vergnani,* 321 Mass. 703, 704 (1947). (For discussion of the circumstances to be taken into consideration in making such a decree, see *Topor* v. *Topor, supra; Coe* v. *Coe,* 313 Mass. 232, 235-237 [1943]; *Whitney* v. *Whitney,* 325 Mass. 28, 30-31 [1949].)

For the above reasons the decree must be reversed, and the petitions dismissed without prejudice to Lawrence's filing a new petition for the care and maintenance of the minor child.

*So ordered.*