FREDERICK J. PUTNAM *vs.* GEORGIA D. PUTNAM.

Worcester.    February 9, 1979. — May 29, 1979.

Present: HALE, C.J., GRANT, & PERRETTA, JJ.

*Divorce,* Division of property.

Where neither party to a divorce offered sufficient evidence to enable
a judge of the Probate Court to consider all the factors listed in
G. L. c. 208, § 34, in determining an equitable division of the marital
home, the judgment ordering the sale of the house and an appor-
tionment of the net proceeds was vacated. [673-675]

LIBEL for divorce filed in the Probate Court for the
county of Worcester on December 2, 1974.

A motion seeking conveyance of real estate was heard
by *Conlin,* J., after remand by this court.

*Thomas P. Dziejma* for the defendant.

*Chalmers A. Peairs (Arnold W. Olsson* with him) for the
plaintiff.

PERRETTA, J. This is the second appeal by the defendant
(the wife) from a Probate Court judgment which provides
that the marital home held by her and the plaintiff (the
husband) as tenants by the entirety be sold and the net
proceeds divided one-third to the wife and two-thirds to
the husband. We reverse the judgment.

It was decided in *Bianco* v. *Bianco,* 371 Mass. 420, 422
(1976), that G. L. c. 208, § 34, as appearing in St. 1974,
c. 565, empowers a Probate Court to make an equitable
division of property upon a divorce. This court in *Putnam*
v. *Putnam,* 5 Mass. App. Ct. 10, 16-17 (1977) (hereinafter
*Putnam I*), considered the findings necessary under § 34
to support such a division. In that case, the deficiencies
in the judge's findings were explained at length, and the
judgment, identical in all material respects to the one

now before us, was reversed and the case remanded for further proceedings in accordance with the principles set out in the opinion. Specifically, this court noted that the Probate Court judge might have grounded the assignment of property either upon his findings as to the capital contributions of the parties towards the acquisition and maintenance of the marital house during their marriage or upon his findings as to the wife's conduct. *Id.* Each of these alternatives was held to be an improper foundation for an equitable division under § 34. As to the wife's conduct, "we caution against the view that either alimony or a transfer of property may be justified purely on the basis of the blameworthy conduct of one of the spouses." *Id.* at 15-16. With regard to the contributions of the parties, "the contributions of the spouses to the house should not be considered in isolation from the total contributions of the spouses towards all marital expenditures, whether current or capital." *Id.* at 16-17. The judge's findings did not rise to the required level, set out at 17: "An order for equitable division should normally encompass all substantial assets jointly owned and any separate property representing accretion during the marriage and should be based on a comprehensive analysis of all major elements of contribution by the spouses during the marriage."

On remand the parties declined to offer additional evidence and rested their cases, notwithstanding the fact that the judge called their attention to § 34 and that they had the benefit of the *Putnam I* explanation of the necessary evidentiary foundation for an assignment of property. The judge noted that he could not consider all the factors listed in § 34 because the parties had failed to bring forth evidence on some of the factors. In addition to his rulings made at the conclusion of the first hearing, the judge further ruled that he based the assignment of the marital home upon the parties' contributions to its acquisition and renovation *and* upon the wife's conduct. He thereby removed any speculation concerning the ra-

tionale of the apportionment. In *Bianco, supra* at 423, it was explicitly stated that "the record must show beyond doubt that the judge considered all the factors set forth by the statute. Otherwise the objectives of the statute will not be satisfied." The record establishes that the judge was well aware of the § 34 factors and the need for their consideration. However, when parties decline to offer evidence on these factors, or some of them, and there is, therefore, nothing upon which findings can be made, obviously a trial judge cannot be required to consider all the factors. In these instances, consideration of the factors thereby omitted can properly be deemed waived.[1]

The husband nevertheless argues that the evidence is sufficient to justify a division of the house under § 34. Such an assertion could be accepted only if we ignore the notion of "contributions of the parties" as described in *Putnam I, supra* at 17: "The concept of property assignment or equitable division under G. L. c. 208, § 34, must be read to apply in a broad sense to the value of all contributions of the respective spouses towards the marital enterprise; it contemplates something more than determining which spouse's money purchased a particular asset." A reading of the transcript shows that the testimony concentrates on two issues to the almost total exclusion of all others: (1) the improper relationship between the wife and a teenage neighbor, which commenced sometime in the same year the husband filed for divorce, and (2) the contributions to the acquisition and renovations of the house. The parties gave little attention, if any, to their respective contributions to the five-year "marital enterprise" at the first hearing and refused to offer additional evidence at the hearing after remand. There is no evidence of the noneconomic contributions of the parties

---

[1] While a determination of waiver is not to be made lightly, it is proper when the record fully supports such a ruling. It is appropriate in this instance because of the lack of evidence in the trial court after remand.

to the marital enterprise and there is scant evidence of the economic contributions, other than as they pertain to the house.[2] Thus, the evidence before us does not provide a sufficient basis for the comprehensive analysis contemplated by *Bianco* and *Putnam I*.[3] The result of such a failure of the evidence is the impossibility of an equitable division under § 34. "An equitable division should not be ordered in a case where the evidence introduced by the parties does not warrant findings comprehensive of those factors. *Rothman* v. *Rothman*, 65 N.J. 219, 232-233 (1974)." *Putnam I, supra* at 17. Therefore, the judgment ordering the sale of the house and an appointment of the net proceeds cannot stand.

The divorce itself, which has not been at issue, became final long ago, and all that remained was resolution of the ownership of the marital home.[4] "[T]he operation of a divorce of the parties upon a tenancy by the entirety creates a tenancy in common." *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 490 (1927). Should the parties still seek any other division of their respective interests in the former marital home, they must now do so by means other than resort to § 34. See *Maze* v. *Mihalovich, ante* 323, 326 (1979).

The judgment entered on June 30, 1977, is vacated.

*So ordered.*

---

[2] The parties testified that they pooled their earnings in a joint bank account from which household operating expenses were paid. Although the husband earned more than the wife when he was employed, the total respective earnings of each spouse during the period of the marriage are very similar.

[3] We note that there was evidence on some of the factors of § 34 upon which findings unrelated to the contribution of the parties, economic or otherwise, could have been made. However, because this case comes before us on the sole issue of the equitable division of the parties' house we see no need to remand the matter for the purpose of making such findings.

[4] Neither party ever requested a stay of the judgment of divorce pending the appeal. See Mass.R.Dom.Rel.P. 62 (g) (1975).