LILLA C. TYLER *vs.* GEORGE W. TYLER.

Worcester. October 9, 1897. — January 8, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Divorce — Marriage — Statute.*

If a man and a woman, before the expiration of two years after the entry of an absolute decree of divorce against her in this Commonwealth, acting under the advice of an attorney, who told them that their course would be legal, go into another State and are married there according to its laws, in order to evade the laws of, and with the intention of returning to reside in, this Commonwealth, such marriage is void under Pub. Sts. c. 145, §§ 4, 10, and c. 146, § 22; and the case is not within Sts. 1895, c. 427, and 1896, c. 499, nor were these statutes intended to repeal Pub. Sts. c. 145, § 10.

LIBEL for divorce, on the ground of extreme cruelty.

At the trial in the Superior Court, before *Fessenden,* J., the following facts were agreed between the parties.

The libellant was formerly the wife of George Wilton of Lawrence, and lived there with him. Upon his application for a divorce on the ground of desertion, a decree *nisi* was entered on April 19, 1885, which was made absolute on October 12, 1887.

On October 25, 1887, while Wilton was still living, she and the present libellee went to Salem, New Hampshire, where they were married, and returned the same day to Lawrence, and have since resided in this Commonwealth as husband and wife up to the time she left him, a short time before this libel was brought. They did this under the advice of an attorney, who told them that a marriage would be good if entered into in New Hampshire, and they did it in order to evade the statute of, and with the intention of returning to reside in, this Commonwealth. The marriage in New Hampshire was in accordance with the statutes of that State, and unless the disability here would affect it the marriage was valid there.

The parties believed the attorney, and thought, although they went to New Hampshire and were married in order to evade the statute of, and with the intention of returning to reside in, this Commonwealth, that the marriage would be valid here, and lived together in that belief until they separated just before the bringing of this libel.

The judge being of opinion, as matter of law, that on this statement of facts the marriage must be deemed void, declined to hear the evidence of the alleged cruelty, and dismissed the libel. The libellant alleged exceptions.

*C. G. Bancroft,* for the libellant.

*F. P. Goulding,* for the libellee.

FIELD, C. J. This case, on the facts appearing in the exceptions, is governed by Pub. Sts. c. 145, §§ 4 and 10, and c. 146, § 22. The case is not within St. 1895, c. 427, and St. 1896, c. 499, and these statutes were not intended to repeal Pub. Sts. c. 145, § 10. It is competent for the Legislature of the Commonwealth to regulate by statute the marriage of persons domiciled within the Commonwealth, although the general rule of law is that a marriage valid in the place where it is celebrated is valid everywhere. The provisions of statute applicable to the present case declare that "the marriage shall be deemed void in this Commonwealth." *Commonwealth* v. *Graham,* 157 Mass. 73. *Commonwealth* v. *Lane,* 113 Mass. 458. *White* v. *White,* 105 Mass. 325.

*Exceptions overruled.*