### MARTILLA WHIPPEN *vs.* CHARLES D. WHIPPEN.

Suffolk.   January 13, 1898. — August 30, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Marriage — Divorce — Statute.*

Section 10 of c. 145 of the Public Statutes, which declares that, when persons resident in this Commonwealth, in order to evade the provisions of certain statutes as to prohibited marriages, and with an intention of returning to reside in this Commonwealth, go into another State or country, and there have their marriage solemnized, and afterwards return and reside here, the marriage shall be deemed void in this Commonwealth, requires that both parties should have the intention to evade the provisions of the statute.

LIBEL, for a sentence of nullity of marriage.   Hearing in the Superior Court, before *Lilley,* J., who ruled that the libellant was entitled to a decree, and, at the request of the libellee, reported the case for the determination of this court.   If the ruling was correct, a decree of nullity was to be entered; otherwise, the libel was to be dismissed.   The facts appear in the opinion.

*J. F. Wakefield,* for the libellee, submitted the case on a brief.

*S. W. Forrest,* for the libellant.

FIELD, C. J.   This case must be governed by *Tyler* v. *Tyler,* 170 Mass. 150, unless the fact that the libellant was innocent of any intention to evade the provisions of our statutes distinguishes this case from that.   The libellee intended to evade the provisions of Pub. Sts. c. 145, § 4, and c. 146, § 22.   There is

no doubt that. the present libel is the proper proceeding for determining the validity in this Commonwealth of the marriage of the parties in Rhode Island. Pub. Sts. c. 145, § 11.

The divorce granted to the former wife of the libellee for his adultery became absolute on July 9, 1894. On the following day the. parties to this libel, both inhabitants of this Commonwealth, went to Rhode Island and were married. They returned the same day, and continued to live here as husband and wife. The disability of the libellee to marry again, under Pub. Sts. c. 146, § 22, continued until July 10, 1896. Before that time, to wit, on February 29, 1896, the libellant "ceased to live with the libellee, because she then believed that she was not legally married."

This case is not within St. 1895, c. 427, as amended by St. 1896, c. 499, and the decision of it depends upon the construction to be given to Pub. Sts. c. 145, § 10, which provides that, "when persons resident in this Commonwealth, in order to evade any of the provisions of the first five sections of this chapter, and with an intention of returning to reside in this Commonwealth, go into another State or country and there have their marriage solemnized, and afterwards return and reside here, the marriage shall be deemed void in this Commonwealth." That section is derived from Gen. Sts. c. 106, § 6, — see c. 107, § 25, — and it was first enacted in Rev. Sts. c. 75, §§ 4 and 6, probably in consequence of the decision in *Putnam* v. *Putnam*, 8 Pick. 433. When first enacted it read, "When any persons resident in this Commonwealth," etc.

Section 4 of the Pub. Sts. c. 145, is confined to marriages solemnized in this Commonwealth. *Commonwealth* v. *Lane*, 113 Mass. 458, 461. If in the present case the marriage had been solemnized in this Commonwealth, it would, we think, have been void, even although the libellant at the time of the marriage was ignorant of the disability imposed upon the libellee by Pub. Sts. c. 146, § 22, and entered into the marriage in good faith. *Pratt* v. *Pratt*, 157 Mass. 503. *Googins* v. *Googins*, 152 Mass. 533. *Thompson* v. *Thompson*, 114 Mass. 566. The language of Pub. Sts. c. 145, § 4, is, " All marriages contracted while either of the parties has a former wife or husband living, except as is provided in chapter one hundred and forty-six, shall

be void." We have no doubt that the Legislature might have made the same or a similar provision concerning marriages solemnized without the Commonwealth of persons resident within the Commonwealth, if the parties afterwards returned to and continued to reside within the Commonwealth. As was said in *Commonwealth* v. *Lane, ubi supra,* " What marriages between our own citizens shall be recognized as valid in this Commonwealth is a subject within the power of the Legislature to regulate."

The question then is whether Pub. Sts. c. 145, § 10, mean that both persons must intend to evade some of the provisions of the first five sections of the chapter, or is it enough that one of them so intends ? It may seem unreasonable that the libellant should be denied the relief she seeks, because in contracting the marriage she was innocent of any intention to evade our statutes, when, if she had been guilty of such an intention, the relief would be granted. But the remedy of having a marriage declared invalid is not given primarily for the benefit of either party to the alleged marriage, but for the purpose of determining the status of the parties, and of enforcing the policy of the Commonwealth with regard to marriage and divorce. In the present case, if the parties desired to be lawfully married to each other, they could have been married in this Commonwealth or elsewhere at any time after the expiration of two years from the divorce granted to the former wife of the present libellee, and they can now be married. It is said that the present libellee is the same person as the libellant in *Whippen* v. *Whippen,* 147 Mass. 294, and the present libellant undoubtedly wishes to obtain by the present proceedings a decree of nullity of marriage which would have much the same effect as a decree of divorce. But in the great majority of instances it would probably be for the interest of the innocent party to have such a marriage as that shown in the present case declared valid. Our statutes under certain circumstances declare that a marriage shall not be deemed or adjudged void when consummated with a full belief on the part of the persons so married, or either of them, that they have been lawfully joined in marriage, when without such belief the marriage would be adjudged void. Pub. Sts. c. 145, § 27. St. 1895, c. 427. St. 1896, c. 499.

The most natural construction of Pub. Sts. c. 145, § 10, is that

both persons must have the intent to evade the provisions of the chapter, although the language is far from clear. Considering that the general rule of law is that a marriage valid where it is celebrated is valid everywhere, and that this marriage undoubtedly is valid in Rhode Island, and that Pub. Sts. c. 145, § 10, attempt to establish an exception to this rule, and that the word "persons" and not "person" is used in it, we think it more reasonable to hold that to make the marriage void in this Commonwealth both persons must be residents of the Commonwealth, and both must intend to evade the provisions of the chapter by going into another State or country and having their marriage solemnized there, with the intention of returning to reside in the Commonwealth, and both must afterwards return and reside in the Commonwealth.

The libel must be dismissed.                    *So ordered.*