HELEN MURPHY *vs.* STEPHEN B. MURPHY.

Suffolk.    May 19, 1924. — June 13, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court,* Jurisdiction, Petition for separate maintenance.    *Husband and Wife.    Marriage and Divorce.*

On a petition under G. L. c. 209, § 32, by a wife seeking separate maintenance from her husband, the following facts appeared: The husband was divorced in this Commonwealth on a libel by a former wife by a decree which became absolute on November 13, 1920.    Within two years thereafter he married the petitioner in Providence, Rhode Island.

Before going to Providence he was fully aware of the impediment to his marriage. The petitioner entered into the marriage in good faith and was ignorant of the legal impediment to it. After the marriage, the parties returned to and lived in this Commonwealth as husband and wife. The respondent deserted the petitioner and, for a year preceding the petition, contributed nothing to her support. *Held*, that the marriage between the petitioner and the respondent was void and the Probate Court was without jurisdiction to entertain the petition.

PETITION, filed in the Probate Court for the county of Suffolk on May 29, 1923, under G. L. c. 209, § 32, for separate maintenance.

The petition was heard in the Probate Court by *Prest*, J. Facts found by the judge and reported by him are described in the opinion. By his order, a decree was entered prohibiting the respondent from imposing any restraint on the personal liberty of the petitioner and ordering him to make the payments described in the opinion. The respondent appealed.

The case was submitted on briefs.

*A. Goldberg & J. I. Goldberg*, for the respondent.

*W. W. Stover, E. L. Sweetser, & W. P. Lombard*, for the petitioner.

PIERCE, J. This case, brought under G. L. c. 209, § 32, came before the Probate Court for the county of Suffolk on the petition of Helen Murphy for separate support, and is before this court on the appeal of the respondent from a decree of a judge of that court, ordering the respondent to pay to the petitioner $5 per week, and to pay her counsel a fee of $30 within thirty days.

The facts found by the judge under G. L. c. 215, § 11, at the request of the respondent, disclose that the respondent, a resident of the Commonwealth, was divorced in this Commonwealth by his first wife, which divorce became absolute on November 13, 1920; that within two years thereafter, on May 23, 1921, he married the petitioner in Providence, Rhode Island; that before going to Providence he was fully aware of the impediment to this marriage; that the petitioner entered into the marriage in good faith and was ignorant of the legal impediment to it; that after the marriage the parties to it returned to and lived as husband and wife in this Com-

monwealth; that the respondent deserted the petitioner and for the year preceding the findings of fact, that is, from December 19, 1922, contributed nothing to her support.

We assume the marriage is valid in the State of Rhode Island and that it is valid in this Commonwealth, though the parties went into the State of Rhode Island to evade the laws of this Commonwealth, *Medway* v. *Needham,* 16 Mass. 157, *West Cambridge* v. *Lexington,* 1 Pick. 506, *Putnam* v. *Putnam,* 8 Pick. 433, *Sutton* v. *Warren,* 10 Met. 451, *Commonwealth* v. *Hunt,* 4 Cush. 49, *Levy* v. *Downing,* 213 Mass. 334, unless the Legislature by G. L. c. 207, § 10 has declared on grounds of sound public policy that such a marriage is invalid in this Commonwealth. *Commonwealth* v. *Lane,* 113 Mass. 458, 461. *Whippen* v. *Whippen,* 171 Mass. 560, 561, 562.

G. L. c. 207, § 10 reads: " If any person residing and intending to continue to reside in this Commonwealth is disabled or prohibited from contracting marriage under the laws of this Commonwealth and goes into another jurisdiction and there contracts a marriage prohibited and declared void by the laws of this Commonwealth, such marriage shall be null and void for all purposes in this Commonwealth with the same effect as though such prohibited marriage had been entered into in the Commonwealth." It is not contended that the respondent was not prohibited from contracting a marriage under the laws of this Commonwealth when the marriage in question was solemnized in the State of Rhode Island, see G. L. c. 208, § 24, nor is it disputed that the respondent went from this Commonwealth into another jurisdiction and there contracted a marriage which would have been null and void if it had been entered into in this Commonwealth. The intention of the Legislature to make null and void for all purposes a marriage contracted under conditions similar to such as obtained in the case at bar is made plain by the fact that the statute is applicable if either of the contracting parties " residing and intending to continue to reside in this Commonwealth " goes into another jurisdiction with intent to evade the provisions of the marriage laws of this Commonwealth. This language distinguishes the existing

statute from the statute R. L. c. 151, § 10, in force before the enactment of G. L. c. 207, §§ 10, 11, which required action by both parties to the contract in violation of the statute, if the inhibition of the statute was to be applied. *Gardner* v. *Gardner*, 232 Mass. 253. It is indisputable that the Commonwealth has authority to declare what marriages between her own citizens shall be recognized as valid in this Commonwealth. *Commonwealth* v. *Lane, supra.*

It follows that the Probate Court was without jurisdiction to enter the decree that was entered, and that such decree must be reversed.

*Decree reversed.*