MARIE A. WRIGHT *vs.* JOHN P. WRIGHT.

Essex.　March 8, 1928.— September 20, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ. .

*Marriage and Divorce,* Validity of marriage. *Husband and Wife,* Separate maintenance. *Probate Court,* Jurisdiction, Decree, Appeal.

A marriage, contracted in violation of G. L. c. 207, § 10, by reason of the fact that, although the woman acted in good faith and in the full belief that the man was divorced and was legally entitled to marry her, the man under a decree of divorce granted in this Commonwealth was prohibited for two years from remarrying with intention of continuing to reside here, is not made valid by G. L. c. 207, § 6, although the parties continue to reside together as husband and wife after the two years, the woman acting in good faith; and, if the man leaves her without justifiable cause, she cannot maintain a petition for separate maintenance under G. L. c. 209, § 32.

A final decree of a probate court requires the signature of a judge of that court; an attestation by the register of probate is not sufficient.

A judge of probate signed a reservation and report to this court stating that a certain decree of the Probate Court had been entered. The reservation and report were dismissed by this court because not seasonably entered. It then was discovered that no decree had been signed by the judge. He then signed a decree and the aggrieved party seasonably appealed. *Held*, that

(1) The signing by the judge of the reservation and report stating that a decree had been entered did not fulfil the requirement of his signature upon a decree;

(2) The appeal properly was before this court.

PETITION, filed in the Probate Court for the county of Essex on December 30, 1925, under G. L. c. 209, § 32, for separate maintenance.

Proceedings when the case previously was before this court as reported in 259 Mass. 74 are described in the opinion.

A final decree dismissing the petition was entered by order of *White*, J. The petitioner appealed.

*A. B. Tolman*, for the petitioner.

*W. E. Sisk & R. L. Sisk*, for the respondent, submitted a brief.

WAIT, J. The petitioner was married at Pawtucket, Rhode Island, on August 4, 1921, with due legal ceremony to the respondent, who had been divorced from a former wife in Massachusetts by a decree entered upon a libel filed by her which became absolute on November 12, 1920, and who was, by force of G. L. c. 208, § 24, prohibited from marrying again before November 12, 1922. He knew, but she did not know, that he could not then be legally married in this Commonwealth. Both resided here, and went to Rhode Island for the express purpose of marriage, intending not to reside in Rhode Island but to return to Massachusetts and thereafter to reside here. They returned and until August 14, 1924, lived together as husband and wife in good faith on her part. He then left her and has not since lived with her. There was no evidence that the former wife is not still alive. The petitioner seeks an adjudication that she is living apart from him with justifiable cause, and an order for separate support, alleging that she is his wife.

It is her contention that, although pursuant to G. L. c. 207,

§ 10, the marriage at Pawtucket was "null and void for all purposes in this Commonwealth with the same effect as though such prohibited marriage had been entered into in this Commonwealth," it became a legal marriage from and after November 13, 1922, by force of G. L. c. 207, § 6, since the parties continued to live together as husband and wife in good faith on her part after that date and until the separation in August of 1924.

This contention is not sound. It was decided in *Murphy* v. *Murphy*, 249 Mass. 552, on facts similar in all respects except that the separation took place before the expiration of the two year prohibition on remarriage, that such a petition could not be sustained. Such a marriage is void under G. L. c. 207, § 10. The decision in *Whippen* v. *Whippen*, 171 Mass. 560,—that unless both parties to the prohibited marriage had the intent to avoid the statute prohibition then in force, the marriage, valid where solemnized, was not null here — was met by a change in the statute. St. 1913, c. 360. Section 6 of G. L. c. 207, is a codification of St. 1895, c. 427 and St. 1896, c. 499. It does not apply to this case. The language of the original statute makes this clear. "Where a marriage contract has been entered into with due legal ceremony and the parties thereafter live together as husband and wife; and where at the time of such marriage ceremony a former husband or wife of one of the parties was living, and the former marriage with such person was still in force; and where such subsequent marriage contract was entered into by at least one of the parties in good faith, in the full belief that the former husband or wife was dead, or that such marriage had been annulled by divorce; or without knowledge on the part of one of them of such former marriage; and where the impediment to such subsequent marriage existing by reason of the former marriage is removed by the death of the other party to the former marriage, or by a proper decree of divorce, and the parties to such subsequent marriage then continue living together as husband and wife in good faith, on the part of at least one of them, they shall be taken and deemed to have been legally married from and after the removal of such impediment, and

the issue of such subsequent marriage shall be deemed to be the legitimate issue of both parents." As was said in *Tyler* v. *Tyler*, 170 Mass. 150, and *Whippen* v. *Whippen, supra*, St. 1895, c. 427 and St. 1896, c. 499, do not apply to the case of marriage prohibited by the statutes now G. L. c. 208, § 24, and made void by the statutes now G. L. c. 207, § 10.

The respondent was unmarried after the decree dissolving his former marriage became absolute. At the time of the ceremony at Pawtucket he had no former wife living with whom a marriage was still in force. The impediment to be removed by death or a valid divorce is an existing marriage. No such impediment here existed. The change of language due to codification does not alter or add to the statute.

It follows that the judge was right in ruling that no marriage, valid in Massachusetts, was in force; and that, consequently, the petitioner could not maintain the petition.

The report presents also a question of jurisdiction. The case was before us in *Wright* v. *Wright*, 259 Mass. 74, and was dismissed because the case was not entered in this court "as soon as may be" after what was stated in the report to be a final decree in May of 1926. The merits of the case were not considered. It now appears that in fact no decree signed by the judge had been entered of record. There was a form of decree in the record but it lacked the signature of the judge of probate. This was not discovered until after April 4, 1927, the date on which the rescript from this court had been filed. The petitioner, thereupon, moved for entry of a final decree and the judge, against objection by the respondent, on February 8, 1928, entered a final decree in proper form duly signed by him, dismissing the petition. The petitioner claimed an appeal within twenty days after said February 8, and has prosecuted this appeal seasonably.

The case is before us properly with the present report and reservation. There was no final decree before February 8, 1928. The forms of the records of the Probate Court are prescribed by orders of this court pursuant to statute authority, G. L. c. 215, § 30. The form for final decree requires the signature of the judge. An attestation by the register of probate is not sufficient. The decision may be made but no

entry thereof is complete until the form of decree is filled and the signature of the judge appended. There is no final decree of record until the completed entry has been made. The statement of the judge in the former report that a decree had been entered, and his signature to the report, are not the equivalent of the record prescribed by law as a basis for an appeal. The judge was right in so ruling. *Marcy* v. *Marcy*, 6 Met. 360, 369, 370, deals with a different situation and is not controlling here.

*Decree affirmed.*