PERCIVAL L. PALMER *vs.* EVELYN PALMER.

Middlesex.   October 18, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Marriage and Divorce,* Desertion, Libellant barred by violation of G. L. c. 208, § 24.   *Probate Court,* Divorce proceedings.

Section 10 of G. L. c. 207 does not make unlawful a marriage in New Jersey between a woman who was a *bona fide* resident of New Jersey and a man who was a *bona fide* resident of New York, although within two years previous to the marriage a decree absolute of divorce had been entered against the man in this Commonwealth.

By reason of the provisions of G. L. c. 208, § 24, it is contrary to sound public policy to permit a man, who, upon libel by his wife, was divorced in this Commonwealth for the cause of his desertion, and, six months thereafter, was lawfully married in New Jersey, to maintain in this Commonwealth a libel for divorce from his second wife on the ground that she deserted him within eight months of the decree absolute of divorce from the first wife.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on September 15, 1927.

The libel was heard by *Leggat,* J.   Material facts found by him are stated in the opinion.   By his order, a decree was entered dismissing the libel.   The libellant appealed.

*M. T. Silverstein,* for the libellant.

No argument nor brief for the libellee.

SANDERSON, J.   The issue in this case is presented by the report of the judge of probate in the following language:

"This is an uncontested libel for divorce for the cause of desertion.   The parties were married in New Jersey on the seventh day of May, 1924.   At that time the libellant had been a resident of New York since 1918.   The libellee was a resident of New Jersey.   The parties immediately thereafter

lived in New York City for a period of three weeks. They then moved to Everett in this [Middlesex] county, the libellant being transferred from New York by his employers, to work in their Boston office. The parties lived together in Everett until the fifth day of July, 1924, when the libellee utterly deserted the libellant and has continued such desertion. Upon this evidence alone I would have entered a decree *nisi* for the cause of desertion.

"It appears however from the records of this court, Divorce Docket No. 459, that the libellant in this libel was the libellee in another libel in which his then wife Ella B. Palmer was granted a divorce from him for the cause of desertion. The decree *nisi* is dated May 11, 1923. This decree became absolute in due course. In this libel Ella B. Palmer was described as of Everett and the present libellant was described as of 'New York City, New York, now commorant of Cambridge, in said Middlesex County.' The libellee in that action appeared by counsel, did not contest the libel, and entered into an agreement concerning the care and custody of their two minor children and alimony. The provisions of this agreement were incorporated into the decree *nisi*.

"The libellant in the present action now asks that he be granted a divorce for the desertion of his present wife for a period during which, in part at least, he was prohibited from remarrying by the provisions of G. L. c. 208, § 24.

"Upon these facts I dismiss the libel. The libellant appealed and duly requested a report of my findings of fact."

G. L. c. 208, § 24, prohibits the party against whom a decree for divorce has been granted from marrying again for two years after the decree has become absolute. A marriage in Massachusetts in violation of this provision is void.

G. L. c. 207, § 10, declaring null and void a marriage in another jurisdiction by a person disabled or prohibited from contracting marriage in this Commonwealth, does not apply because the statute is expressly limited to residents of the Commonwealth and the libellant was a resident of New York.

Apart from statute, if parties not authorized to marry here go to another State for the purpose of evading the law, and enter into a marriage valid by the law of that State, the

marriage is legal here. The reason for adopting this rule was said to be "the extreme danger and difficulty of vacating a marriage, which by the laws of the country where it was entered into was valid. The condition of parties thus situated, the effect upon their innocent offspring, and the outrage to public morals, were considered as strong and decisive reasons for giving place to the laws of the foreign country, not merely on account of comity, for that would not be offended by declaring null a contract made in violation of the laws of the State in which the parties lived, by evasion, but from general policy; nor will the same principle be necessarily applied to contracts of a different nature." *Putnam* v. *Putnam*, 8 Pick. 433, 434, 435.

In *Sutton* v. *Warren*, 10 Met. 451, 452, the court said the principle of recognizing in this jurisdiction marriages valid under the law of the State where contracted, is "best calculated to protect the highest welfare of the community in the preservation of the purity and happiness of the most important domestic relation." It is assumed that the marriage in New Jersey was valid, and must be so recognized in this Commonwealth; but it does not follow that the husband, who has participated in the proceeding in which his former marriage relation was terminated with a statutory disability against his marriage within two years, can invoke the aid of our courts to grant him a divorce from his second wife for desertion in this Commonwealth arising in part during his period of disability. Our courts in recognizing his marriage as valid are not obliged upon his petition to grant a divorce for desertion occurring in part during the period of his disability to marry in Massachusetts. It would be contrary to sound public policy thus to aid him, and we find no error of law in the order dismissing the libel. See *West Cambridge* v. *Lexington*, 1 Pick. 506, 510.

*Decree affirmed.*