BOLESLAW AMBROZEWICZ & another *vs.* MARY MEMPEL LANE.

Essex.     April 5, 1933. — May 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Probate Court*, Decree.

Where a judge of probate, on the return day of a petition for proof of a will, no appearance against the petition having been entered, signed his name to a blank form of decree "in the ordinary routine of uncontested cases," his signature was at most an order that a decree should be entered when the blanks were filled in by the clerical staff of the registry of probate.

Until the blank form thus signed should be filled in, the order for decree remained subject to the disposition of the judge, with full power on his part to withdraw or revoke it.

The appearance of a respondent to the petition above described having been entered subsequent to the time when the judge of probate signed the blank form of decree but previous to its completion, it was within the power of the judge to stay the completion and entry of the decree by crossing out his signature on the blank form, and to grant to the respondent a hearing upon the petition.

PETITION, filed in the Probate Court for the county of Essex on January 16, 1933, for proof of the will of John Mempel, late of Peabody.

Proceedings before *White*, J., orders by him and appeals by the petitioners therefrom are described in the opinion.

The case was submitted on briefs.

*A. S. Bachorowski*, for the petitioners.

*F. J. Cloutman*, for the respondent.

PIERCE, J. This is an appeal from the action of the Probate Court for the county of Essex, in striking the name of the probate judge from an alleged decree allowing the will of John Mempel, late of Peabody in the county of Essex, and from an order of that Probate Court dismissing a motion of the appellants that the appearance of Mary Mempel Lane, daughter of said John Mempel, and of her attorney be struck from the records.

The facts reported by the judge of probate at the request of the petitioners for the probate of the said will are in substance as follows: On January 16, 1933, the appellants filed a petition alleging that John Mempel, late of Peabody, died January 10, 1933, and that the said deceased left a will which they prayed might be proved and letters testamentary be issued to them as executors. The only heirs at law and next of kin of the decedent alleged in the petition were his widow, resident in Poland, a son and a daughter, also resident in Poland, and Mary Mempel, a daughter, residence unknown. A notice to "the heirs at law, next of kin, and all other persons interested in the estate of John Mempel, late of Peabody, in said county, deceased," to appear and show cause why letters testamentary should not be issued to the executors named in the will was duly published and served, and an affidavit of service was filed February 6, 1933. On the return day, February 6, 1933, no appearance having been entered, on the testimony of one of three witnesses to the instrument a blank form of decree was signed by the judge of probate "in the ordinary routine of uncontested cases." On February 7, 1933, Mary Mempel Lane addressed a petition to the "Probate Court" "Essex, ss." wherein she alleged that "she is a daughter and heir at law of John I. Mempel, late of Peabody in said county of Essex, who died on the tenth day of January, 1933, and whose will has been presented for probate" and "prays that she may be allowed to enter her appearance concerning the probate of said will and concerning all other rights which have or shall accrue to your petitioner by reason of being such heir and party interested." On the receipt of this petition the judge of probate drew pencil lines through

his signature under the blank form of decree, and erased in the same manner his signature of the approval of the bond. He states that this "form of erasure is in practice of the court notice to the clerical staff of the registry not to fill out and record the decree until further notice from the judge." On February 9, 1933, an appearance was entered by an attorney for Mary Mempel Lane, in the Probate Court, in the matter of the probate of the will of John Mempel. On February 13, 1933, the petitioners for the probate of said will filed a paper addressed "To the Honorable the Judge of the Probate Court in and for the County of Essex," wherein it is alleged "that they are aggrieved by the order and action of the Probate Court . . . whereby said court . . . ordered his name struck from a decree allowing the will of John Mempel and appointing the said . . . [petitioners] Executors under said will, said decree having been signed by the court on February 6, 1933"; and stating that "they thereby give notice that they claim an appeal from said order and action to the Supreme Judicial Court." On February 14, 1933, a motion was filed by the petitioners for the probate of said will that the appearances of Mary Mempel Lane filed February 8, 1933, and of her attorney filed February 9, 1933, be struck from the records of said court. On February 16, 1933, a hearing was had on said motion, a stenographer having been duly appointed, who qualified and took the testimony. The facts shown by the testimony need not be told. The judge "dismissed" the motion and an appeal from the dismissal was duly entered.

The action of the judge which resulted in the striking of his name from the blank form of decree was clearly within his judicial power. His signature to blank forms was at most an order that a decree should be entered when the blanks were filled by the "clerical staff of the registry." Before such filling the order for decree remained subject to the disposition of the judge, with full power to withdraw or revoke it. *Thompson* v. *Goulding*, 5 Allen, 81, 85. *Wright* v. *Wright*, 264 Mass. 453. Since no final decree was entered it was within the power of the judge to reopen the case on

the main issue and to grant to the daughter of the decedent a rehearing upon the petition to establish the will or upon any matter involved in the allowance or disallowance of such petition.  The orders of the Probate Court are affirmed.

*Decrees according.*