ETHEL G. ATWOOD *vs.* BENJAMIN W. ATWOOD.

Plymouth. May 15, 1936. — May 24, 1937.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Marriage and Divorce,* Validity of marriage, Foreign marriage. *Domicil. Words,* "Residing."

In order to come within the prohibition of G. L. (Ter. Ed.) c. 207, § 10, making void in this Commonwealth certain marriages contracted elsewhere with intent to evade the marriage laws in force here, it must appear that one of the parties not only had a domicil here at the time of the foreign marriage but that he also had an intention to continue that domicil.

A finding, that one in military service was not "residing" in Massachusetts within G. L. (Ter. Ed.) c. 207, § 10, at the time of his marriage in Maryland, was not precluded by the mere fact that he had once lived in Massachusetts and in a previous court proceeding here had been described as a resident of Massachusetts.

A finding that a party to a foreign marriage did not have an intention to "continue to reside" in Massachusetts within G. L. (Ter. Ed.) c. 207, § 10, was warranted by evidence that the marriage took place in Maryland while he was in military service and just previous to his departure for France, and that the parties to the marriage had made no marital plans for the future and had no intention of living in any particular place although they had the intention ultimately to live in Massachusetts and actually resided together in Massachusetts as soon as the husband returned from France.

A marriage in Maryland, not shown to have been invalid there, was not invalid here under G. L. (Ter. Ed.) c. 207, § 10, although as to one party it was a remarriage within two years contrary to G. L. (Ter. Ed.) c. 208, § 24, where it did not appear that at the time of the marriage that party resided and intended to continue to reside here.

PETITION for separate maintenance, filed in the Probate Court for the county of Plymouth on November 7, 1934.

The case was heard by *L. E. Chamberlain,* J., and a decree was entered for the petitioner. The respondent appealed.

The case was submitted on briefs.

*H. F. Hathaway & S. C. Saunders,* for the respondent.

*E. G. Townes,* for the petitioner.

DONAHUE, J. The respondent named in a petition for separate support has appealed from a decree of the Probate Court which declared that because of his cruel and abusive treatment the petitioner was living apart from him for justifiable cause and ordered the respondent to pay to the petitioner a stated sum of money monthly for the support of the petitioner and a minor child. It is the contention of the respondent that his marriage to the petitioner was null and void in this Commonwealth and that therefore the Probate Court was without jurisdiction to entertain the petition for separate support. *Wright* v. *Wright,* 264 Mass. 453, 456.

The respondent was divorced from a former wife on a libel brought by her in the Superior Court by a decree which became absolute on August 20, 1917. By statute he was prohibited from marrying again within two years of that date. G. L. (Ter. Ed.) c. 208, § 24. Within that period, on October 4, 1918, the petitioner and the respondent were married in Baltimore, Maryland. The petitioner left her home in South Hanson in this Commonwealth on the day of the marriage. When the marriage ceremony was performed she immediately returned to her home. The respondent was, at the time, in the military service of the United States, and following the marriage at once left for France where he remained eight months. Upon his return to this country he went to live with the petitioner at South Hanson.

The marriage was entered into by the petitioner in good faith. She knew that the respondent was divorced but not the date of the divorce or that there was any question of the length of time which must elapse after the divorce before the

respondent could remarry or that there was any impediment to the marriage. The facts found do not provide the basis for a finding that the petitioner went to Maryland to be married with the purpose of evading the marriage laws of this Commonwealth.

It is not contended by the respondent, and the record does not warrant the conclusion, that the marriage of the parties was an invalid marriage under the laws of the State of Maryland. It is the general rule that where parties residing in this Commonwealth go into another State and enter into a marriage valid by the laws of that State it will be recognized here as a valid marriage. *Palmer* v. *Palmer*, 265 Mass. 242. But our Legislature has, and early exercised, the power to declare such a marriage void in this Commonwealth if the parties went to another State to be married in order to evade provisions of our laws which forbade their marriage in this Commonwealth. *Murphy* v. *Murphy*, 249 Mass. 552, 554. *Commonwealth* v. *Lane*, 113 Mass. 458, 464. Rev. Sts. c. 75, § 6. The respondent rests his contention that his marriage to the petitioner in Maryland is void in Massachusetts on such a statute, G. L. (Ter. Ed.) c. 207, § 10, which provides: "If any person residing and intending to continue to reside in this commonwealth is disabled or prohibited from contracting marriage under the laws of this commonwealth and goes into another jurisdiction and there contracts a marriage prohibited and declared void by the laws of this commonwealth, such marriage shall be null and void for all purposes in this commonwealth with the same effect as though such prohibited marriage had been entered into in this commonwealth."

The probate judge found that the respondent at the time of his marriage to the petitioner "was not residing and intending to continue to reside" in this Commonwealth. The evidence was not reported, but at the request of the respondent the judge made a report of the material facts found by him. G. L. (Ter. Ed.) c. 215, § 11. The questions raised by the appeal therefore are whether the find-

ings of the judge are inconsistent with each other and whether they justify the general conclusion reached by him. *Wyness* v. *Crowley,* 292 Mass. 461, 463.

The phrase of the statute "residing and intending to continue to reside in this commonwealth" means: having a domicil and intending to continue to have a domicil in this Commonwealth. *Hanson* v. *Hanson,* 287 Mass. 154, 156. See *Hayes* v. *Hayes,* 256 Mass. 97; *Field* v. *Field,* 236 Mass. 256. By its terms the statute does not here apply unless, for one thing, the respondent was domiciled in Massachusetts when he was married to the petitioner in Maryland. *Palmer* v. *Palmer,* 265 Mass. 242, 243. In support of his contention that he then had a domicil in Massachusetts, the respondent relies on the fact found that he once lived in Hanson and the fact that in the libel for divorce brought against him by his former wife he is described as "of Whitman in the County of Plymouth."

The judge of probate found that "prior to his marriage, respondent had lived in several places, where, except at one time in Hanson, did not appear in evidence." Nor did it appear when, or how long, or with what intention as to domicil, or under what circumstances, he had lived in Hanson, or when, or under what circumstances he ceased to live in Massachusetts. There was nothing to show his domicil of origin. Compare *Commonwealth* v. *Davis,* 284 Mass. 41, 48. The mere fact that he had lived in Hanson at some time did not necessarily make that place his domicil. *White* v. *Stowell,* 229 Mass. 594, 597.

There is nothing in the reported facts to indicate where or when the respondent contracted his earlier marriage or whether he had ever lived with his former wife in this Commonwealth or that the description of the respondent as "of Whitman in the County of Plymouth" was a fact essential to the jurisdiction of the court over the libel which his former wife brought. If she had lived in this Commonwealth for five consecutive years prior to the filing of the libel the court had jurisdiction regardless of the place of his domicil. G. L. (Ter. Ed.) c. 208, § 5. The material facts as reported to us did not compel the judge

of probate to find that, at the time of the marriage to the petitioner or for that matter at any time prior to that date, the respondent had a domicil in Massachusetts. The finding of the judge of probate that the respondent was not "residing" in Massachusetts, in effect a finding that he was not domiciled here, was warranted on the record. On such a finding the statute on which the respondent relies is not applicable.

The terms of the statute on which the respondent relies would not be fully met even if it appeared that at the time of the marriage he had a domicil in Massachusetts. If he did, that status would continue until superseded by a domicil acquired elsewhere, through an actual change of his place of abode plus an intention to remain permanently at the place of removal. *Connolly* v. *Phipps*, 283 Mass. 584, 588. The intention which is significant in effecting a change of domicil is the intention to acquire a new home rather than an intention with reference to an old home. The intention required by the statute here under consideration is not the intention which is essential to a change of domicil. It is an intention with reference to an old home, that is, in this case the intention to continue to have a residence in Massachusetts. In order that the statute here apply, not only must the respondent have had a domicil in Massachusetts, but it must also be found that he had the intention to continue to have a domicil in this Commonwealth. The purpose of the statute is to make void in this Commonwealth a marriage contracted elsewhere "if either of the contracting parties 'residing and intending to continue to reside in this Commonwealth' goes into another jurisdiction with the intent to evade . . . the marriage laws of this Commonwealth." *Murphy* v. *Murphy*, 249 Mass. 552, 554.

The question whether the respondent at the time of the marriage intended to continue to have a domicil in Massachusetts was one of fact. The judge of probate found that he had no such intention. There was no evidence at the trial that the parties had made any marital plans for the future. The judge found that they had the intention ultimately to live in Massachusetts but no intention of living there at any

particular period or place, and that they had made no plans as to where they should start living together. He specifically found that at the time of the marriage the respondent had no present intention of living at any particular place. On all the evidence we think the judge was warranted in finding that the respondent at the time of the marriage did not have the intention "to continue to reside in" Massachusetts.

It follows that the statute relied on by the respondent as making the Maryland marriage void in this Commonwealth does not apply and that the decree in favor of the petitioner was rightly entered.

*Decree affirmed.*