ALEXANDER KEVORKIAN *vs.* JOHN F. MOORS & others.

Suffolk.     November 1, 1937. — December 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice*, Rehearing.

No error was disclosed in action by a judge who, having heard a motion in a suit in equity that findings, rulings and an order for a decree which he had made be revoked, the hearing discharged, and the suit reheard on its merits, found that a certain finding and ruling was erroneous, directed that it be struck out, stated that the correction did not affect his conclusion and, except for such correction, denied the motion.

BILL IN EQUITY, filed in the Superior Court on October 8, 1934, and afterwards amended.

The suit was heard by *Greenhalge*, J. He filed a statement of findings, rulings and an order for a decree on January 9, 1936. A final decree was entered on October 5, 1936. The plaintiff appealed.

*M. E. Goldberg,* for the plaintiff.

*C. P. Curtis, Jr.,* for the defendants.

DOLAN, J. This is a suit in equity against the defendant copartners who are engaged in business as stockbrokers and dealers in securities under the firm name of Moors and Cabot. The plaintiff's bill as substituted and amended (hereinafter called the bill) contains eighteen paragraphs which allege in substance that, from 1925 to 1934, the plaintiff on various occasions deposited moneys and securities with the defendants in trust to invest and reinvest for him, and gave them written authority to buy and sell for his account; that these instructions were disregarded and in many other particulars the defendants violated their duties toward him arising out of the fiduciary relationships alleged to exist between them; that they had sold him securities in violation of G. L. (Ter. Ed.) c. 110A, including certain bank stock upon which he had been assessed $2,000, and had failed to account to him. The bill also recites a tender by the plaintiff which we deem it unnecessary to set forth in detail, and a repudiation of all transactions had between the plaintiff and the defendants. The prayers of the bill are that a trust be established, that illegal sales to the plaintiff be voided and fraudulent transactions with him rescinded, that the defendants be ordered to pay him the full purchase price of all securities they sold to him and the full value of all securities which they bought from him, with all interest and other charges made by them on or growing out of the transactions between them, and to indemnify him for all loss sustained by him in connection therewith. The defendants, answering, admitted that the plaintiff delivered cash and securities to them at various times and gave them written authority to buy and sell on his behalf, denied the other allegations of the bill, and pleaded that the plaintiff is barred by the statute of limitations as to certain of the complaints and as to all by laches. A stenographer was appointed in the Superior Court to report the evidence. After hearing, the judge on January 9, 1936, filed findings, rulings and order for a decree as follows: "I find the testimony of the plaintiff in this case to

be untrustworthy and except. when corroborated by other and independent evidence, I do not accept it. In respect of securities referred to in evidence as bought by or on account of, or sold to the plaintiff by the defendants, which do not appear to have been approved by the board of public utilities, I rule that the burden of proof was on the plaintiff to show that such approval was required by law, and find that such burden is not sustained. In all other respects I find that the allegations of the amended bill are not sustained. A final decree may be entered dismissing the bill as to all defendants, with costs."

On January 22, 1936, the plaintiff filed a motion that the judge discharge the hearing before him, that the findings, rulings and order for decree be revoked, and that the plaintiff be granted a rehearing on the merits. With an exception hereinafter noted the motion was denied and the plaintiff appealed. The plaintiff assigned four grounds in support of the motion. The third and fourth grounds assigned, not having been argued here, are treated as waived. The first ground was that relied on by the plaintiff in *Kevorkian* v. *Superior Court*, 295 Mass. 355. It is disposed of by the finding of the judge in the interlocutory decree entered by him on the motion, that the basis of the contention did not in fact exist. The second ground assigned in the motion is that the judge found that the plaintiff had not sustained the burden of proof that securities, sold to him by the defendants, which were not approved by the department of public utilities, required such approval, whereas in fact counsel for the parties had agreed in writing that a large portion of said securities did require such approval, and that the requirement had not been fulfilled. In disposing of the motion the judge found that the "finding and ruling" referred to "was erroneous" and directed that it be struck from his findings, rulings and order for decree, stating that the conclusion reached therein was not affected in any way and that except as thus set forth he denied the motion for rehearing. It thus appears that the judge did in fact rehear the matter complained of in the second ground assigned, and that after hearing he entered an appropriate order thereon. The correction

was within the judicial power of the judge.   Until the actual entry of the final decree the suit was subject to his control. *Thompson* v. *Goulding,* 5 Allen, 81, 84, 85.   *Wright* v. *Wright,* 264 Mass. 453, 457.   *Ambrozewicz* v. *Lane,* 283 Mass. 141, 143.   The motion for rehearing was addressed to the discretion of the trial judge.   In its partial denial no error appears.

We now come to the consideration of the appeal from the final decree.   The evidence has been reported in full;  hence questions of fact as well as of law are brought before this court, whose duty it is to examine the evidence and to decide the case upon its judgment as to the facts, giving due weight to the findings of the trial judge, which will not be reversed unless plainly wrong.   See *Dickinson* v. *Todd,* 172 Mass. 183, 184, *Drew* v. *Drew,* 250 Mass. 41, 44, and *Ecklund* v. *Ecklund,* 288 Mass. 517, 518.

In the case at bar all the questions argued by the plaintiff are dependent on the determination of facts.   The evidence was conflicting and the weight to be given to the testimony of the several witnesses was for the trial judge.   We have examined the record with care and are unable to say that the general finding of the judge that "the allegations of the amended bill are not sustained" by the evidence is plainly wrong.   On the contrary, we are satisfied from such examination that the finding was warranted and that a review of the evidence would serve no useful purpose.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*