MATTER OF C—

In VISA PETITION Proceedings

A-10046291

*Decided by Board May 10, 1962*

**Marriage—Validity—Remarriage by libellee in another State within two years after Massachusetts divorce.**

Under Massachusetts law a libellee in a divorce proceeding may not remarry within two years after the divorce becomes absolute. In this case, the petitioner (libellee in a Massachusetts divorce proceeding) and the beneficiary were married in Rhode Island within the two-year period following the divorce, while they resided in Massachusetts. That marriage is void.

### BEFORE THE BOARD

**DISCUSSION:** The case comes forward on appeal from the order of the District Director, Boston District, dated March 15, 1962, revoking the visa petition previously approved on April 6, 1961, for nonquota status on behalf of the beneficiary as the husband of the petitioner.

The visa petition, Form I-130, indicates that the petitioner, a native-born citizen of the United States, 33 years old, female, seeks nonquota status on behalf of the beneficiary, a native and citizen of Greece, 26 years old, male. The parties were married at East Providence, Rhode Island, on October 7, 1960. The beneficiary has never been previously married. The petitioner has been married three times previously, her last marriage being terminated by a decree of divorce obtained by her then husband in the Probate Court, County of Plymouth, Massachusetts, on February 9, 1960, such decree becoming absolute after the expiration of six months, on August 9, 1960.

The order of revocation of the District Director dated March 15, 1962, sets forth the reasons for the revocation of the previously-approved visa petition. The testimony of the petitioner and of the beneficiary shows that they were married in Rhode Island on October 7, 1960, and returned the same day to reside in Massachusetts. The record shows that they have resided in that State continuously thereafter. The petitioner testified that within a week following their marriage her husband requested permission from his probation officer

667

to reside in Rhode Island. The record shows that the Chief Probation Officer of the Superior Court, Brockton, Massachusetts, stated that permission to live in Rhode Island was never granted because it was never requested. However, the record also contains a signed statement by the assistant probation officer to the effect that the husband asked for permission to move to the State of Rhode Island but that such permission was denied. The decision concludes that since the evidence fails to establish that an effort was made to reside in Rhode Island prior to her marriage in that State, and she returned to Massachusetts, immediately following the marriage, their marriage must be considered null and void under Chapter 207, section 10, General Laws of Massachusetts.

An examination of the divorce decree which became final on August 9, 1960, in the Probate Court for the County of Plymouth, Massachusetts, discloses that the previous husband was the libellant, the petitioner was the libellee and a decree was handed down in favor of the libellant. Chapter 208, section 24, Annotated Laws of Massachusetts (1955), provides that after a decree of divorce has become absolute, either party may marry again as if the other were dead, except that the party from whom the divorce was granted shall not marry within two years after the decree has become absolute if the other party is living. Chapter 207, section 10, Annotated Laws of Massachusetts, provides that "if any person residing in and intending to continue to reside in this commonwealth is disabled or prohibited from contracting marriage under the laws of this commonwealth and goes into another jurisdiction and there contracts a marriage prohibited and declared void by the laws of this commonwealth, such marriage shall be null and void for all purposes in this commonwealth with the same effect as though such prohibited marriage had been entered into in this commonwealth." The phrase of the statute "residing and intending to continue to reside in this commonwealth" means having a domicile and continuing to have a domicile in this commonwealth. If he had such a domicile that status would continue until superseded by a domicile acquired elsewhere, through an actual change of his place of abode plus an intention to remain permanently at the place of removal.[1]

The testimony in the present case is to the effect that the petitioner and the beneficiary made inquiry from the probation officer about permission to move to Rhode Island but that they had made no such inquiry prior to the performance of the marriage in Rhode Island. When the request was made after the marriage, permission to move to Rhode Island was denied due to the fact that the beneficiary was on suspended sentence. The record, therefore, establishes that the parties resided in Massachusetts at the time of their marriage in

---

[1] *Atwood* v. *Atwood,* 8 N.E.2d 916; 297 Mass. 229.

Rhode Island, and that although they attempted to obtain permission to move to Rhode Island about a week after the marriage was performed, they have, in fact, never done so and have at all times continued to reside in Massachusetts.

Under the circumstances, it is concluded that the provisions of Chapter 208, section 24, and Chapter 207, section 10, of the Annotated Laws of Massachusetts, are applicable and that the present marriage contracted by the parties in Rhode Island while they were residing in Massachusetts is void.[2] Both the respondent and counsel were notified by letter from the District Director dated December 29, 1961, of the provisions of the applicable law and no defense has been raised that the other party to the divorce is not still living. The curative provisions of Chapter 207, section 6, Annotated Laws of Massachusetts, would not yet apply because the impediment, *i.e.*, the lapse of two years after the divorce, will not be removed until August 9, 1962.[3] The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

[2] *Fraser v. Fraser*, 147 N.E.2d 165 (Mass., 1958); *Vital v. Vital*, 65 N.E.2d 205; 319 Mass. 185 (1946).

[3] *Matter of S—*, 9—296.