

IN THE

# Court of Appeals of Indiana

Jasmine Warstler,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Mar 31 2025, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

March 31, 2025

Court of Appeals Case No.
24A-CR-1083

Appeal from the Noble Superior Court

The Honorable Steven C. Hagen, Judge

Trial Court Cause No.
57D02-2212-CM-1079

**Opinion by Judge Pyle**
Judges Weissmann and Felix concur.

**Pyle, Judge.**

## Statement of the Case

Jasmine Warstler ("Warstler") brings an interlocutory appeal of the trial court's order that sanctioned her attorneys, Helen and Jarvis Newman ("Warstler's attorneys"), for disclosing two rebuttal witnesses on the evening before her jury trial in violation of Indiana Criminal Procedure Rule 2.5 ("Rule 2.5"). Warstler argues that the trial court abused its discretion when it sanctioned Warstler's attorneys for violating Rule 2.5. Concluding that the trial court did not abuse its discretion, we affirm the trial court's order.

We affirm.

### Issue

> Whether the trial court abused its discretion when it sanctioned Warstler's attorneys for violating Rule 2.5.

### Facts[1]

In December 2022, the State charged Warstler with Class A misdemeanor cruelty and/or neglect of an animal. In February 2023, Warstler's attorneys filed an appearance. Warstler also filed a motion for discovery and a motion for a jury trial. The trial court issued a discovery order and scheduled a jury trial for October 2023. In March 2023, the State notified the trial court that it

---

[1] The transcript of the May 1, 2024 hearing was the only transcript provided for our review on appeal.

had provided Warstler with items in accordance with its discovery order. In June 2023, the State provided additional discovery. In July 2023, the State moved to continue the jury trial, and the trial court rescheduled the trial for November 8, 2023. In September 2023, the State again moved to continue the trial, and the trial court rescheduled the trial for November 29, 2023.

[4] On November 6, 2023, the trial court held a final pretrial conference during which the State and Warstler were present. A one-day jury trial had been set for November 29, 2023. The trial court ordered that all preliminary motions and instructions were to be filed by November 17, 2023. The trial court also ordered the clerk to call prospective jurors. The trial court issued a trial guideline order that provided that "[d]iscovery shall be completed pursuant to the Rules of Criminal Procedure 2.5, even prior to the State-wide effective date on January 1, 2024." (Appellant's App. Vol. 2 at 30). On November 15, 2023, Warstler filed her witness and exhibit list. On November 16, 2023, the State filed its witness and exhibit list. Both the State and Warstler's witness list included "[a]ny and all witnesses identified in the discovery materials provided to the [d]efendant and/or [d]efendant's attorney." (Appellant's App. Vol. 2 at 28, 38). On November 28, one day before the jury trial, Warstler filed a motion to continue the jury trial. Warstler's attorneys explained that the request for a continuance was due to illness. The trial court granted Warstler's motion to continue the jury trial.

[5] In December 2023, the trial court held a status conference. The trial court set the jury trial for February 2024. In January 2024, the State moved to continue

the trial, and the trial court granted the State's motion. The trial court set the jury trial for May 1, 2024. In March 2024, the State filed a motion in limine. In its motion, the State argued that Warstler should be barred from making any statements or references to the search warrant executed in December 2022 or any prior bad acts by any witnesses. The trial court granted the State's motion in limine.

On April 1, 2024, the State filed a supplemental discovery certificate. The certificate listed documents related to a December 2023 search warrant. On April 8, 2024, the trial court held a hearing. The one-day jury trial previously set for May 1, 2024 was confirmed. The trial court ordered that all preliminary motions and instructions were to be filed by April 19, 2024. The trial court also ordered the clerk to call prospective jurors and issued the same guideline order as provided above.

On April 26, 2024, the State filed its witness and exhibit list. On April 29, 2024, Warstler filed her witness and exhibit list. On April 30, 2024, one day before the jury trial, Warstler filed a certificate of supplemental witnesses. This list specifically listed two "potential rebuttal witnesses[,]" Alexander Regalado ("Regalado") and Xitlaly Warstler ("Xitlaly"). (Appellant's App. Vol. 2 at 56). In response, the State filed a motion to exclude those witnesses. In its motion, the State argued that Warstler's late disclosure of rebuttal witnesses violated Rule 2.5. Therefore, the State requested that the trial court exclude Regalado and Xitlaly from testifying.

[8] On May 1, 2024, which was the morning of the jury trial, the trial court held a hearing on the State's motion to exclude. The State argued that Regalado and Xitlaly should be excluded from testifying because of their late disclosure in violation of Rule 2.5. The trial court asked, "we got to the eve of trial with a witness list that was already in place that was not amended or supplemented until just yesterday. Is that about the size of it?" (Tr. Vol. 2 at 5). Warstler's counsel responded, "That's correct, Your Honor." (Tr. Vol. 2 at 5). The trial court noted that this was the second time the case had been confirmed by the parties for jury trial and that a jury had been summoned.

[9] The trial court asked if Regalado and Xitlaly appeared in the discovery materials. Warstler's counsel stated that they both were included in the discovery materials. The State noted that Xitlaly had not been present on the scene at the time of the offense and that Regalado had been present during the execution of the search warrant. The State argued that Regalado's testimony would be limited by the motion in limine.

[10] Warstler's counsel told the trial court that "the omission of witnesses was inadvertent" because he had made the "incorrect assumption that these witnesses had previously been disclosed to the State[.]" (Tr. Vol. 2 at 6). The trial court denied the State's motion to exclude witnesses and told the State that it would give it an opportunity to interview the witnesses. The State responded by moving for a continuance. The State argued that it needed time to depose these newly added witnesses. The trial court granted the State's motion to continue. The trial court also "assess[ed] all jury costs and expenses" to

Warstler's attorneys. (Tr. Vol. 2 at 12). The trial court again noted that this was the second time that the jury trial had been continued after a jury had been summoned. The trial court continued the jury trial to July 2024.

[11] After the hearing, the trial court issued an order, which provided in relevant part, as follows:

> 6. For violation of Criminal Rule 2.5 through the failure to timely disclose its witnesses to the State, resulting in the need to continue the Jury Trial set for today and release and discharge the jurors present, [Warstler's attorneys], attorneys for the Defense, are hereby sanctioned by being ordered to pay all juror fees and mileage expenses incurred by the Court and Noble County for today's trial in the sum of $883.44.

(Appellant's App. Vol. 2 at 60-61).

[12] Warstler now brings her interlocutory appeal.

## Decision

[13] Warstler argues that the trial court abused its discretion when it sanctioned Warstler's attorneys for violating Rule 2.5. We note that trial courts maintain broad discretion to manage discovery, and that includes sanctioning parties to enforce discovery rules and orders. *State v. Lyons*, 211 N.E.3d 500, 505 (Ind. 2023). In fact, the "purpose of sanctioning discovery violations is two-fold: to penalize those who violate the discovery rules and to 'deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Nail v. Smith*, 178 N.E.3d 801, 807-08 (Ind. Ct. App. 2021) (quoting *Whitaker v. Becker*, 960

N.E.2d 111, 115 (Ind. 2012)). "We presume that the trial court will act in accord with what is fair and equitable in each case, and thus we will only reverse if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Wright v. Miller*, 989 N.E.2d 324, 330 (Ind. 2013) (cleaned up). In *Lyons*, the Indiana Supreme Court explained:

> For sanctions addressing a party's late disclosure of evidence, our cases have long recognized three governing principles: (1) we generally treat late disclosures the same whether the State or the defendant committed the discovery violation; (2) the two typical remedies are to continue the trial or to exclude the evidence; and (3) we exclude evidence only if (a) that is the sole remedy available to avoid substantial unfair prejudice, or (b) the discovery violation was intentional, flagrant, in bad faith, or otherwise reprehensible.

*Lyons*, 211 N.E.3d at 505-06.[2] Trial courts stand much closer to litigants than appellate courts, and thus trial courts are better equipped to have a better sense of what sanctions, if any, are appropriate in the case of a discovery violation. *Nagel v. Northern Indiana Pub. Serv. Co.*, 26 N.E.3d 30, 39 (Ind. Ct. App. 2015), *trans. denied*.

---

[2] We note that the *Lyons* court was addressing a discovery violation under Indiana Trial Rule 37. However, in the absence of a conflicting criminal rule, Indiana's trial rules of procedure apply to criminal cases as well. *In re WTHR-TV*, 693 N.E.2d 1, 5 (Ind. 1998). Indiana Rule of Criminal Procedure 1.1 provides, "[t]he Indiana Rules of Court, as well as all statutes governing procedure and practice in trial courts, apply to all criminal proceedings unless they conflict with these rules."

[14]    Rule 2.5(C), which covers disclosures by the defense, provides:

> (1) Within thirty days after the prosecutor's disclosure, the defense must furnish the [S]tate with the following material and information within the defense's possession or control:
>
>> (a) The names and last known addresses of persons whom the defense intends to call as witnesses, with their relevant written or recorded statements. The defense may refrain from providing a witness' address or other contact information under this rule if the defense in good faith believes the disclosure of the witness' address or other contact information may jeopardize the safety of the witness or the witness' immediate family. If the defense does not disclose the witness' address or other contact information in its possession for the reason stated under this rule, then the defense must make the witness available to the [S]tate upon reasonable notice.

Rule 2.5(C)(1)(a). Additionally, Rule 2.5(F)(5), which relates to sanctions, provides that "[a]ny violation of this rule may result in a sanction deemed appropriate by the court, except as limited by rule."

[15]    Warstler specifically argues that her "[c]ertificate of [s]upplemental [w]itnesses simply reiterates two witnesses previously identified by Warstler five months earlier." (Warstler's Br. 9). In support of this argument, Warstler notes that her initial witness list, which was filed before the first continued jury trial, lists "[a]ny and all witnesses identified in the discovery materials provided to the [d]efendant and/or [d]efendant's attorney." (Appellant's App. Vol. 2 at 38). Warstler argues that, because Regalado and Xitlaly appeared in the discovery

materials, the supplemental witnesses added the day before the jury trial did not violate Rule 2.5. But, Warstler's argument fails because Rule 2.5 specifically states that the defense must provide the *names* of individuals that the defense intends to call as witnesses. *See* Rule 2.5(C)(1)(a).

[16] In the civil context, our trial courts have issued monetary sanctions in response to discovery violations. *See Reed v. Cassady*, 27 N.E. 3d 1104, 1113 (Ind. Ct. App. 2015) (upholding a $30,000 monetary sanction in favor of plaintiffs due to defendants' discovery violation), *trans. denied*. *See also Matter of Contempt of Myers*, 191 N.E.3d 912, 915 (Ind. Ct. App. 2022) (upholding monetary sanctions where counsel failed to appear for deposition); *Allstate Ins. Co. v. Scroghan*, 851 N.E.2d 317, 325 (Ind. Ct. App. 2006) (upholding multiple monetary sanctions due to a party's repeated discovery violations), *reh'g. denied*.

[17] We further note that in a given case, there may be considerable financial and administrative costs to assembling a jury venire. Trial courts are tasked with appointing administrative personnel to aid it in the assembly, selection, and administration of jury pools. IND. JURY R. 2. This involves the management of systems designed to randomly draw citizens qualified to serve as jurors, the mailing of summons for jury service, keeping track of those who may be exempt or approved for deferral, the development of juror questionnaires, and overseeing juror orientation. IND. JURY R. 3, 4, 6, 7 and 11. In addition, these court-related costs do not account for the costs incurred by citizens who take time out of their business and personal lives to respond to a jury duty summons. As a result, it may be appropriate under Indiana's Rules of Court for trial courts

to impose financial sanctions when either the State or defense counsel discloses a potential witness immediately preceding or on the day of trial.

[18] Our review of the record reveals no abuse of the trial court's discretion. On the eve of the November 2023 jury trial and after a jury had been summoned, Warstler moved for a continuance due to illness. The trial court granted that continuance. On the eve of the May 2024 trial, Warstler supplemented her witness list. In her supplemental witness list, Warstler, for the first time, specifically named Regalado and Xitlaly as potential rebuttal witnesses. On the day of the trial, the trial court recognized that excluding the two witnesses would be an extreme remedy, likely because other remedies were available and there was no record that Warstler's late disclosure was intentional or flagrant. However, the trial court recognized that the State would be prejudiced by allowing the two witnesses to testify without it being able to depose them. As a result, it granted the State's motion to continue the jury trial in order to give it time to depose the two new witnesses. However, the trial court believed an additional financial sanction was warranted. We cannot say that this conclusion was an abuse of discretion.

[19] We are mindful that financial sanctions imposed upon counsel for discovery violations can have a chilling effect on the discovery process. *See Wright*, 989 N.E.2d at 329-30. To that end, we counsel trial courts to exercise restraint. As we have noted, its actions should align with what is "fair and equitable" in each case. *Id*. at 330. "When the offending conduct is primarily attributable to counsel and not the client, and the prejudice to the opposing party is slight, due

consideration should be given to sanctions directed primarily at counsel which seek to minimize prejudice to the client and the merits of the case, while appropriately incentivizing proper future behavior of counsel." *Id*.

[20] While this is not an example of an intentional, flagrant, or reprehensible violation of the discovery rules, the facts of this case support the imposition of sanctions. Specifically noting that this was the second time the trial was continued after a jury had been summoned, the trial court sanctioned Warstler's attorneys only for the costs of the juror fees and mileage expenses. Under our abuse of discretion standard, we give substantial deference to the trial court's judgment in discovery matters. The $883.44 sanction is directly tied to the actual costs incurred and represents a measured response to the discovery violation. We hold that this sanction is a fair and equitable remedy in this case and thus, the trial court did not abuse its discretion when it sanctioned Warstler's attorneys. *See* Rule 2.5(F)(5). Accordingly, we affirm the trial court's sanction.

[21] Affirmed.[3]

---

[3] Warstler also argues that a "monetary sanction in addition to a continuance goes above and beyond the generally accepted remedy for a discovery violation." (Warstler's Br. 9). Warstler argues that the monetary sanction was an abuse of the trial court's discretion for this reason. However, Warstler does not cite to any authority for the proposition that a monetary sanction along with a continuance is an abuse of the trial court's discretion. Further, although we agree that a continuance is a commonly used remedy for a discovery violation, it is certainly not the only remedy within the trial court's discretion. *See* Rule 2.5(F)(5).

Weissmann, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Jessica R. Merino
Wyatt, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Jennifer Anwarzai
Deputy Attorney General
Indianapolis, Indiana